# Wesco, Inc. v. City of Montpelier, et al.
# Timberlake Associates v. City of Montpelier, et al.

[739 A.2d 1241]

Nos. 98-454 & 98-455

Present: Morse, Johnson and Skoglund, JJ., and Allen, C.J. (Ret.) and Maloney, Supr. J. (Ret.), Specially Assigned

Opinion Filed September 3, 1999

*Mark G. Hall* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiffs-Appellants.

*Steven F. Stitzel* of *Stitzel, Page & Fletcher, P.C.*, Burlington, for Defendant-Appellee City of Montpelier.

*Michael Marks* of *Tarrant, Marks & Gillies*, Montpelier, for Defendants-Appellees George and Russell.

*William H. Sorrell*, Attorney General, and *William H. Rice*, Assistant Attorney General, Montpelier, for Defendant-Appellee State of Vermont.

**Morse, J.** This consolidated appeal involves two properties, one owned by Timberlake Associates and the other by Wesco, Inc. (referred to jointly as "Wesco"), located on State Street in Montpelier. The Environmental Court granted summary judgment in favor of the City of Montpelier determining that conditional use permits were necessary for both properties. Wesco contends that the court erred in its determination because (1) the zoning board of adjustment was barred from requiring a conditional use permit when the zoning administrator's determination had not been appealed within fifteen days as required by 24 V.S.A. §§ 4464(a) and 4472(d); (2) the City should be estopped from requiring conditional use approval; (3) conditional use approval is not required under the City's zoning regulations; and (4) the applications for zoning permits should be deemed approved under 24 V.S.A. § 4407(2). We affirm.

The relevant facts are as follows. In March 1989, Wesco applied to the Montpelier zoning administrator for a zoning permit to convert its 107 State Street gas station from a gas station and service garage to a gas station and convenience store.* The application sought approval to renovate the building, modify the layout of the gas pumps, and discontinue motor vehicle repair or servicing. The zoning administrator sent the application to the department of planning and development in order to schedule planning commission review. At a planning commission review of the design and site plan, the application in that

___
*In September 1991, Timberlake submitted a similar zoning application for the property on 108 State Street. The design review for both properties was denied by the City planning commission. On appeal, the cases were consolidated by the superior court due to the similarity of the facts and issues.

respect was denied because traffic access was inadequate, creating parking and pedestrian safety concerns. Wesco appealed to the superior court.

In April 1995, after protracted litigation, the superior court under 24 V.S.A. § 4471(a) (interested persons may appeal decision of development review board) granted design review and site plan approval to the property at 107 State Street and site plan approval to the 108 State Street property. In June 1996, Wesco applied for building permits for both properties. The zoning administrator denied the building permits because zoning permits had not been issued, and ruled that conditional use approval was required for the renovations. Wesco appealed to the zoning board, which affirmed the zoning administrator's decision. On appeal to the Environmental Court, the court ruled that conditional use approval was necessary for both properties. This appeal followed.

I.

Wesco first contends that when the zoning administrator reviewed the initial application in 1989 and sent it to the planning commission for design and site plan approval, the zoning administrator's action constituted a decision that a conditional use permit was not required under 24 V.S.A. § 4464(a). They claim that because this "determination" was not appealed within the fifteen-day appeals period under 24 V.S.A. § 4464(a), the requisite appeal period had passed. Therefore, they argue, the zoning board is barred from requiring conditional use approval and the decision may not be contested under 24 V.S.A. § 4472(d). We disagree.

Title 24 V.S.A. § 4464(a) provides:

[A]n interested person may appeal *any decision or act taken, by the administrative officer*, in any municipality by filing a notice of appeal with the secretary of the board of adjustment . . . . If the appeal is taken with respect to *a decision or act* of an administrative officer, such notice of appeal must be filed within fifteen days of the date of such *decision or act* . . . . If the administrative officer fails to act with regard to an application for a permit, within thirty days, a permit shall be deemed issued on the 31st day.

(emphasis added). Furthermore, 24 V.S.A. § 4472(d) provides:

Upon the failure of any interested person to appeal to a board of adjustment under section 4464 of this title, or to

appeal to a superior court under section 4471 of this title, all interested persons affected *shall be bound by such decision or act of such officer* . . . and shall not thereafter contest, either directly or indirectly, such decision or act . . . .

(emphasis added).

Upon receiving a zoning permit application, the zoning administrator has three options. The administrator may grant or deny the application, or may refer it to the zoning board for a conditional use permit or to the planning commission for site plan or design plan review. As noted in the application form, the zoning administrator's grant or denial may be appealed to the board of adjustment within fifteen days of its issuance. See 24 V.S.A. § 4464(a) (providing only a fifteen-day appeal period when appeal is regarding a decision or act of the zoning administrator).

Here, in 1989, the zoning administrator scheduled Wesco's initial zoning permit application with the planning commission for design review within the statutory period. After denial by the planning commission and lengthy litigation, the trial court granted design review approval. Up to that point in time, the zoning administrator had not made a decision on the merits. The zoning administrator had never granted or denied a zoning permit, but merely referred Wesco's application to the planning commission.

■ We conclude that it was only when the zoning administrator denied the zoning permit on the basis that a conditional use permit was required that the zoning administrator acted upon Wesco's application. It was this decision that was subject to appeal. See 24 V.S.A. § 4443(a)(1) (no land development may be initiated within an area affected by zoning regulations without permit issued by the zoning administrator); see also 24 V.S.A. § 4303(3) ("Land development" defined as including "any change in the use of any building or other structure"). Because no decision on the merits was rendered until the denial of the application, the fifteen-day time period for an appeal did not run, see 24 V.S.A. § 4464(a), and the zoning board is not barred from requiring conditional use approval.

## II.

Wesco next contends that equity demands that the City be estopped and the permits be issued as a matter of law based on fairness. The doctrine of equitable estoppel is "based upon the grounds of public policy, fair dealing, good faith, and justice," see *Fisher v. Poole,*

142 Vt. 162, 168, 453 A.2d 408, 411 (1982); however, "[e]stoppels against the government are rare and are to be invoked only in extraordinary circumstances." See *In re McDonald's Corp.*, 146 Vt. 380, 383, 505 A.2d 1202, 1203-04 (1985). Wesco claims that the City is charged with knowing the zoning regulations and their interpretation. They contend that they relied on the fact that when their attorney called the zoning administrator to ask whether a conditional use permit was required for the conversion, the zoning administrator said that no approval by the zoning board was necessary. After the telephone conversation, their attorney sent a letter to the zoning administrator stating his understanding of the conversation. They claim that the City should have known that Wesco would rely on the zoning administrator's initial decision not to send it to the zoning board as indicative that a conditional use permit was not necessary. By relying on the zoning administrator, instead of pursuing and obtaining conditional use approval several years ago, Wesco must go through the process now, adding more time and expense to the permitting process.

The party who invokes equitable estoppel has the burden of establishing all four of the following elements: (1) the party to be estopped must know the facts; (2) the party being estopped must intend that his conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting estoppel must be ignorant of the true facts; and (4) the party asserting estoppel must rely on the conduct of the party to be estopped to his detriment. See *Fisher*, 142 Vt. at 168-69, 453 A.2d at 411-12. Here the fourth element is not met. Any reliance by Wesco on the zoning administrator's conduct was misplaced and premature until the zoning administrator made a decision on the merits to either grant or deny the permit. See *In re McDonald's Corp.*, 146 Vt. at 385, 505 A.2d at 1205 (declining to apply equitable estoppel where information given by regional engineer that Act 250 permit not required was merely advisory). Furthermore, Wesco is not foreclosed from applying for the conditional use permit. While the conditional use permitting process may involve additional time to Wesco's disadvantage, at this juncture it is not certain that Wesco would be denied the conditional use permit.

## III.

Next, Wesco contends that conditional use approval is not required under the City's zoning regulations. They argue that the addition of

a mini-mart and deli, a permitted use under the City's zoning regulations, may be combined with an existing conditional use, the gas station, without following the conditional permitting process. They contend that the City's zoning regulations are silent on the issue of projects which combine a conditional use with a permitted use.

■ Ordinances are to be interpreted according to the basic rules of statutory construction and enforced in accordance with their plain meaning. See *Houston v. Town of Waitsfield*, 162 Vt. 476, 479, 648 A.2d 864, 865 (1994). The broad scope of § 15-103 of the City's zoning regulations is apparent when it provides:

> Except as hereinafter provided, no street, road, building or structure shall be erected, moved, altered or extended, and no street, land, building, or structure or part thereof, shall be occupied or used unless in conformity with the regulations herein specified for the district in which it is located.

City of Montpelier Zoning Regulations § 15-103. The City's conditional use regulation specifies:

> A use designated as a conditional use in any district shall only be permitted by approval of the Board of Adjustment . . . [determining] that the proposed conditional use complies with the specific standards applicable to it as set forth in these Regulations, and that the proposed conditional use does not adversely affect:
>
> (1) The capacity of existing or planned community facilities;
> (2) The character of the area affected;
> (3) Traffic on roads and highways in the vicinity; and
> (4) Bylaws then in effect as defined by Sec. 4303(13) of the Act.

City of Montpelier Zoning Regulations § 15-405; see also 24 V.S.A. § 4407(2) (certain uses contained in zoning regulations may be permitted as conditional uses only by approval of board of adjustment after public notice and public hearing). The City's zoning ordinance requires all uses designated as conditional to be permitted "only by approval of the Board of Adjustment." City of Montpelier Zoning Regulations § 15-405. Here, gas stations have been deemed conditional uses. See *id.* § 15-308 (gasoline stations are permitted in central

business district only after issuance of a conditional use permit by the zoning board).

■ Because their continued use predated the adoption of the zoning regulations, both 107 State Street and 108 State Street were grandfathered and thus not required to obtain permits allowing their businesses to continue as permitted conditional uses. The properties as proposed have never been reviewed for conditional use approval. Thus, the properties, under a proposed modified use, fail to meet the requirements of the zoning regulations until conditional use permits are obtained.

Moreover, plaintiffs' argument that they are merely adding a retail section, a permitted use, to the already existing gasoline station fails to comport with the policies underlying zoning and conditional permitting. See 24 V.S.A. § 4302(a) (describing goals of the Municipal and Regional Planning and Development enabling statutes, including "to facilitate the growth of villages, towns and cities and of their communities and neighborhoods so as to create an optimum environment, with good civic design" and "to plan for the prevention, minimization and future elimination of such land development problems as may presently exist or which may be foreseen"); 24 V.S.A. § 4407(2) (defining conditional uses, describing relevant considerations, and providing zoning boards the ability to "attach such additional reasonable conditions and safeguards as it may deem necessary to implement the purposes of . . . the zoning regulations"); City of Montpelier Zoning Regulations § 15-405 (defining conditionally permitted use and describing relevant considerations). The permitting process provides a mechanism for the City to review Wesco's proposed modifications to determine, after consideration of specific applicable standards, whether to deny the application or impose reasonable conditions and safeguards.

## IV.

■ Finally, Wesco argues that the application for zoning permits should be deemed approved under 24 V.S.A. § 4464(a), because the zoning administrator failed to act on their application. See 24 V.S.A. § 4464(a) ("If the administrative officer fails to act with regard to an application for a permit, within thirty days, a permit shall be deemed issued on the 31st day."). Wesco's argument is without merit. The Legislature provided the deemed-approval remedy to curtail indecision and protracted deliberations in the zoning decision-making

process and to constitute a final decision to provide a mechanism for any interested party to appeal the decision. See *In re White*, 155 Vt. 612, 616, 587 A.2d 928, 930 (1990); 24 V.S.A. § 4407(2) (failure of board of adjustment to act upon conditional use application within sixty days after final public hearing shall be deemed approval). Here there was no protracted decision-making by the zoning administrator or the zoning board. Rather, the zoning administrator submitted the application to the zoning board within the thirty-day time period, and the board ruled on Wesco's application in a timely manner once it was presented for review.

*Affirmed.*