STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Megan Price  }
            }
            } Docket No. 202-10-99 Vtec
            }
            }

<u>Decision and Order on Appellee-Applicant's Motion to Dismiss as Moot</u>

Appellant Megan Price brought this appeal from a site plan approval by the Planning Commission of the Town of Castleton of a barn structure constructed by Appellee-Applicant, Garry Bowen in the RR2A zoning district. A related appeal by Mr. Bowen, Docket No. 31-2-01, has been consolidated with it, but is not at issue in this motion. Appellee-Applicant Garry Bowen is represented by John Serafino, Esq.; Appellant represents herself; the Town is represented by John Liccardi, Esq.

Appellee-Applicant has moved to dismiss the appeal " for lack of subject matter jurisdiction," arguing that the appeal is moot because a zoning permit was issued after the site plan approval at issue in this appeal, and the zoning permit has not been appealed.

Appellee-Applicant filed a " unified permit" application form and sketch plan with the Zoning Administrator on August 20, 1999. Only a zoning permit was requested on the application, to change the current " residential/recreational" use of the property to the proposed " agricultural/forest" use and to construct a 2-story structure, 50' in length, 40' in width, and 35' in height. The sketch plan does not show the actual setbacks; rather, it indicates that both side setbacks exceed 30 feet and that both front and rear setbacks exceed 100 feet.

At the bottom of the first page of the form is an area for use of the Zoning Administrator. Although the boxes for zoning administrator action " approved" or " denied" are not checked, the line for " denial reason" is filled in with " Site Plan Approval." The form was signed by the Zoning Administrator at the time of referral to the Planning Commission, at which time none of the rest of the form was filled in, as reflected on the copy of the form filed with Ms. Price's appeal.

The copy of the form filed with Appellee-Applicant's motion to dismiss reflects that the application was referred to the Planning Commission for Site Plan Approval, at a hearing which took place on September 1, 1999. Ms. Bowen's appeal of that site plan approval is the present appeal. This copy of the zoning permit application form also has the " date issued" line filled in as " 10-12-99." However, the boxes for zoning administrator action " approved" or " denied" remained blank.

The Zoning Administrator followed the correct procedure to refer the matter for site plan approval. <u>Cf.</u>, <u>Wesco, Inc. v. City of Montpelier</u>, 169 Vt. 520, 523 (1999) (zoning administrator

referred application to planning commission for site plan review; zoning administrator did not make an appealable decision on the merits of the permit until after litigation over planning commission decision had concluded). As in the <u>Wesco</u> case, action taken by the Zoning Administrator after receiving the matter back from the Planning Commission would have been appealable, and failure to appeal from it would be analyzed for preclusive effect as Appellee-Applicant argues in his motion.

However, the mere entry of the " 10-12-99" date at the foot of the zoning application form, without any indication of whether the permit was ultimately approved or denied, is not an appealable zoning administrator action. The Zoning Administrator signed the form, indicating her action, at the earlier date at which she referred the matter to the Planning Commission for site plan approval. If anything, that earlier action reflected her denial of the permit, as the " reason for denial" line was filled in by her at that time. If anything occurred as of the October 12, 1999 date filled in as " date issued," it is not sufficiently clear on the form to give it any preclusive effect.

If the Zoning Administrator took any appealable action on this permit application after the October 12, 1999 date, such action has not been brought to the attention of the Court in this motion. Accordingly, Appellee-Applicant's motion to dismiss as moot is DENIED, without prejudice to raising the issue again if additional facts in support of the motion are presented in evidence.

We will hold a telephone conference on July 6, 2001 to determine whether this matter is now ready for trial, and to set it for a merits hearing.

Done at Barre, Vermont, this 22nd day of May, 2001.



_____
Merideth Wright
Environmental Judge