**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeal of Robert and Donna Kendall | } |
| | } |
| | }    Docket No. 104-5-02 Vtec |
| | } |
| | } |

**Decision and Order on Town= s Motion to Dismiss**

Appellants Robert and Donna Kendall appealed from the April 2, 2002 decision of the Zoning Board of Adjustment (ZBA) of the Town of Brookfield denying Appellants= application for a variance. Appellants are represented by Elizabeth H. MaGill, Esq.; the Town is represented by Edward G. Adrian, Esq.

Appellants sought to raise only the following question in the Statement of Questions: whether the Appellants= permit application should be deemed to have been approved pursuant to 24 V.S.A. ' 4464 and ' 3.2(c) of the Brookfield Development Bylaws. Appellants did not raise on appeal whether they should have been granted a variance on the merits of their variance application.

During the evidentiary hearing begun on January 28, 2003, an issue arose regarding the Court= s jurisdiction of the sole issue raised by the Statement of Questions. The parties agreed that the evidentiary hearing should be suspended and that the parties should file brief memoranda addressing the jurisdictional issue. The Town has moved to dismiss on the basis of the jurisdictional issue.

Appellants Robert and Donna Kendall own a 2.2 acre lot and mobile home on Vermont Route 65 in the Agricultural/Residential zoning district, in which each lot of five acres or less is limited to a single dwelling unit. Development Bylaws, ' 2.1(E)(4). In the fall of 2001, Mr. Kendall filled out a unified application for a development permit for the property, checking that the application was for A the construction or alteration of a structure.@ In the section requiring the description of the proposed use of the parcel or of the proposed structure, the application states: A 1 b[e]droom mobile home residential.@ The application states that it must be accompanied by a sketch or survey of the parcel showing its location, boundaries and dimensions, and the location of any buildings, driveways, water sources and septic systems. No sketch was submitted and nothing else about the application indicated that the Kendalls sought to add a second mobile home on their lot, rather than replacing or enlarging their existing mobile home. In fact, as later described to the ZBA in the proceedings for a variance, on appeal in the present case, Appellants propose to convert their existing mobile home from a three-bedroom to a two-bedroom dwelling unit, and to place a second dwelling unit (a one-bedroom mobile home) on the property.

The circumstances of Appellants= filing of the application at the Zoning Administrator= s residence some time on or after October 8, 2001 are disputed, and form the basis for Appellants= argument that the application should have been deemed to have been approved sometime on or about November 8, 2001. In the January 28, 2003 hearing, the Court did not finish taking evidence on these circumstances, and did not make any determination as to whether, if the application had been filed as asserted on October 8, it would have been deemed to have been approved in the absence of any requests on the part of Appellants for a ruling from the Zoning Administrator during the applicable thirty-day period.

After inquiry from Appellants on or about November 11, 2001, the Zoning Administrator promptly took a site visit and acted on the application on November 15, 2001 by checking off on the application form, under the printed heading A Not approved, reasons for non-approval:@ the printed block stating A Conditional use or a variance requires Board of Adjustment action@ and filling in the date of 11/15/2001 next to the printed space for when the matter was A Referred to the Board of Adjustment.@ In the space below, the zoning administrator wrote in: A 2 acre site agricultural/residential district;@ that is, that a variance would be necessary to allow a second dwelling unit to be placed on a 2.2-acre lot in this district.

Appellants did not appeal the Zoning Administrator= s ruling that their application required a variance from the ZBA, nor did they at that time claim that the application should have been deemed to have been approved because the Zoning Administrator had not ruled by November 8, 2001. Rather, Appellants applied for the variance required by the Zoning Administrator= s November 15, 2001 ruling. Only in the proceedings on the merits of the variance application did they argue that no variance should have been required of them because their initial zoning permit application should have been deemed to have been approved.

As Appellants did not appeal the Zoning Administrator= s November 15, 2001 ruling that their application required them to obtain a variance from the ZBA, 24 V.S.A. ' 4472(a) precludes them from now arguing, either directly or indirectly, that they should not have been required to obtain a variance because their permit should have been deemed to have been approved.

Appellants claim that they were not obligated to appeal the Zoning Administrator= s ruling denying the zoning permit on the basis that a variance was required, citing Wesco, Inc. v City of Montpelier, 169 Vt. 520 (1999). However, the Wesco case holds to the contrary. In that case, the zoning administrator had first referred an application to the Planning Commission for site plan approval and design review, without acting on the application for zoning permit. After the Planning Commission= s action and later appeal had resulted in design review and site plan approval, the zoning administrator denied the zoning permit because conditional use approval was required from the ZBA. The Vermont Supreme Court ruled that the zoning administrator= s initial referral to the Planning Commission did not constitute a decision on the merits of the zoning permit application, but that the zoning administrator= s denial of the zoning permit because ZBA conditional use approval was required was a > decision or act= of the zoning administrator subject to 24 V.S.A. ' 4472(a). The Supreme Court stated:

We conclude that it was only when the zoning administrator denied the permit on the basis that a conditional use permit was required that the zoning administrator acted upon [the applicant= s] application. It was this decision that was subject to appeal.

Wesco, Inc. v. City of Montpelier, 169 Vt. at 523.

Similarly, in the present case the Zoning Administrator on November 15, 2001, denied Appellants= permit application on the basis that a variance was required from the ZBA. If Appellants had timely appealed the Zoning Administrator= s ruling to the ZBA, in that proceeding they could have raised the issue that no variance was required because their permit should have been deemed to have been approved as of November 8, 2001. If they had raised that issue to the ZBA, the ZBA could have heard evidence as to the circumstances of the application= s having been delivered to the Zoning Administrator= s house, and could have ruled on the deemed approval, in which case those issues would have been before the Court in the present appeal.

Instead, Appellants accepted the Zoning Administrator= s November 15, 2001 ruling and applied to the ZBA for a variance. Because they did not appeal the ruling that a variance was required, they are precluded by 24 V.S.A. ' 4472(a) from arguing, in their appeal from the denial of a variance, that no variance was required. All that could be before the Court in this proceeding

is whether Appellants meet the criteria for a variance. However, Appellants have not challenged the merits of the ZBA= s denial of their variance..

Accordingly, it is hereby ORDERED and ADJUDGED that the Town= s Motion to Dismiss is GRANTED, concluding this appeal. The continuation hearing date reserved for March 10, 2003 is therefore cancelled.

Done at Barre, Vermont, this 28th day of February, 2003.


_____
Merideth Wright
Environmental Judge