**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |  |
|---|---|---|---|
| | } | | |
| Appeal of LaBounty Enterprises, Inc. | } | Docket Nos. | 232-12-04 Vtec |
| | } | | 85-5-05 Vtec |
| | } | | |

## Decision and Order on Cross-Motions for Summary Judgment

In this consolidated proceeding, Appellant-Applicant LaBounty Enterprises, Inc. (LaBounty) appeals from two decisions of the Town of Grand Isle (Town) Development Review Board (DRB). The decisions, dated November 18, 2004 and April 20, 2005, denied permits for two properties located on Sturgeon and Keel Roads. Appellant is represented by John W. O'Donnell, Esq.; the Town is represented by Will S. Baker, Esq. Both parties filed Cross-Motions for Summary Judgment.

## Factual Background

The following facts are undisputed unless otherwise noted.

1. Appellant owns two parcels in the Town Rural Residential and Agricultural District: an L-shaped 0.41-acre lot at 23 Sturgeon Road and a rectangular 0.14-acre lot on the south side of Keel Road.

2. The proposed dwelling on Sturgeon Road would have 120 feet of frontage and a front setback of twenty-seven feet.

3. On July 22, 2004, LaBounty filed a zoning permit application for the Sturgeon Road lot with the Administrative Officer, who denied the permit on August 20, 2004, on the ground that the proposed dwelling could not meet the setback requirements of the District (permit application #04-69). On November 18, 2004, the DRB affirmed the Administrative Officer's denial of the Sturgeon Road permit.

4. The proposed dwelling on Keel Road would have sixty feet of frontage, a front setback of twenty-six feet, an easterly side setback of twenty feet, a westerly side setback of twenty-four feet, and a rear setback of fourteen feet.

5. On January 26, 2005, LaBounty filed a zoning permit application for the Keel Road lot with the Administrative Officer, who denied the permit on January 26, 2005, because the proposed dwelling did not meet the setback requirements of the District (permit application #05-

001).  On April 26, 2005, the DRB affirmed the Administrative Officer's denial.  LaBounty appealed both denials to this Court.

6.  On May 4, 2005, this Court granted LaBounty's unopposed Motion to Consolidate the two appeals.

## Discussion

This case involves the proper interpretation of § 4.6 the Town Zoning Bylaw (Bylaw)[1] and its interplay with the language of the former 24 V.S.A. § 4406(1).  The relevant portions of the Bylaw that regulate existing small lots as well as the dimensional requirements in the Rural Residential and Agricultural District are:

4.6     Existing Small Lots

Any lot in individual and separate and non-affiliated ownership from surrounding properties and in existence on the effective date of this Bylaw may be developed for the purpose permitted in the District in which it is located, <u>even though it does not conform to the minimum lot dimensional requirements</u>, providing that such lot:
1. is not less than one-eighth (1/8) of an acre in area
2. has a minimum width or depth dimension of, at least, forty (40) feet.
3. has adequate access (see Section 4.7); AND
4. complies with all wastewater disposal and other health and safety provisions herein.
5. Number of bedrooms in principal and accessory dwellings must conform to limitations of septic system.

Bylaw § 4.6 (emphasis added).

<u>MINIMUM DIMENSIONAL REQUIREMENTS</u>
Lot Size:      1 Acre
Frontage:      150 continuous feet
Setback:       40 feet from near edge of public and private road Right-of-way. (Corner lots have 2 setbacks)
Yard Setback: 25 feet to side and rear property lines.
Driveway:      15 feet setback from side boundaries.  (See Section 4.7 for shared driveway rules.)

Bylaw § 3.2.2.3.

---

[1] The decisions appealed from were decided under a version of the Bylaw adopted on March 7, 2000.  The Town adopted its current Bylaw on March 1, 2005.  The Bylaw provisions relevant to this case are identical as to both content and numbering in both versions, and the Court makes no distinction between them.

The issue presented by these consolidated appeals in this de novo proceeding is: does the phrase "minimum lot dimensional requirements" refer only to the minimum lot size requirement, or does it include the front, rear and side yard setback requirements of the relevant zoning district? If the phrase refers only to minimum lot size, then the proposed development of a "small lot" must conform to the other "minimum dimensional requirements", or obtain the necessary variance. On the other hand, the phrase may refer to the entire set of minimum dimensional requirements, not just the minimum lot size requirement. "Ordinances are to be interpreted according to the basic rules of statutory construction and enforced in accordance with their plain meaning." Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 525 (1999). The Court looks to the plain meaning of the language in § 4.6, read together with and in the context of § 3.2.2.3 and the state zoning statute, to determine the meaning of "minimum lot dimensional requirements."

"[I]t is a well-established rule in this state that in construing land use regulations any uncertainty must be decided in favor of the property owner," In re Vitale 151 Vt. 580, 584 (1989). However, we find no uncertainty here in the plain meaning of the phrase "minimum lot dimensional requirements." Bylaw § 4.6 (emphasis added). The phrase can only be interpreted to mean the minimum required dimensions of the lot, which is to say, the minimum lot size or area. This reading is consistent with the list of five dimensional requirements in § 3.2.2.3 (lot size, frontage, front setback, side yard setback, and driveway), the last four of which remain in effect for existing small lots. We construe § 4.6 independently of the minimum dimensional requirements in § 3.2.2.3 as only controlling the development of lots that are less than one acre in area.

If we were to accept Appellant's argument that "minimum lot dimensional requirements" be read as "minimum dimensional requirements,"[2] we would be construing the Bylaw so as to conflict with the state zoning statute. 24 V.S.A. Ch. 117. The DRB decisions at issue here were decided under a version of the Bylaw adopted on March 7, 2000. At that time, 24 V.S.A. § 4406(1) (now amended and codified as § 4412(2)) was still in effect and provided:

---

[2] See Appellant's Mot. for Summ. J., at 5 (discussing § 4.6: "The Section exempts such lots from 'Minimum Dimensional Requirements' without any differentiation among or between the requirements."). Appellant's quotation is inaccurate. Bylaw § 4.6 expressly states "minimum lot dimensional requirements" (emphasis added).

(1) Existing Small Lots.  Any lot in individual and separate and non-affiliated ownership from surrounding properties in existence on the effective date of any zoning regulation, including an interim zoning regulation, may be developed for the purposes permitted in the district in which it is located, <u>even though not conforming to minimum lot size requirements</u>, if such lot is not less than one-eighth acre in area with a minimum width or depth dimension of forty feet.

24 V.S.A. § 4406(1) (emphasis added).  Appellant's reading of Bylaw § 4.6 is more permissive than the language of the enabling statute.  In that situation, state law operates to invalidate the offending bylaw provision. <u>In re Richards,</u> 174 Vt. 416, 424 (2002). On July 1, 2005, the state zoning statute was amended to allow bylaw provisions to be less restrictive than the provisions in the statute.  See 24 V.S.A. § 4412(2)(C).  However, because the former § 4406(1) is the law of this case, Bylaw § 4.6 cannot be read to exempt existing small lots from the application of setback and other minimum dimensional requirements.

We also find support for the more narrow interpretation of the exemption for small lots from the manner in which that Ordinance is drafted.  Bylaw § 4.6 allows pre-existing small lots to be developed, provided the lots do not fall below certain absolute minimums as to lot size, width and depth.  See Bylaw § 4.6(1), (2).  But the Ordinance provides no such absolute minimums as to front, rear and side yard setbacks.  Thus, if we were to adopt Appellant-Applicant's more broad reading of § 4.6, there would be no limit to the reduction of setbacks for pre-existing small lots.  Parcels such as those owned by Appellant-Applicant could be developed without regard to setback protections.  We find that to be a practice unsupported by the Town Bylaw or state statute.  Deviations from lawful zoning setback restrictions should be carefully reviewed.  That is one of the rationales for the statutory authority for variance approvals.

The setbacks required by § 3.2.2.3 apply to both existing small lots and conforming lots (i.e.: lots that are one acre or greater in area).  The dwellings as proposed violate those setback requirements and cannot be built without obtaining a variance from the DRB from those requirements.  Therefore, Appellant-Applicant's application must be denied.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Cross-Motion for Summary Judgment is GRANTED, and the Appellant's Cross-Motion for Summary Judgment is DENIED.  The result of these adjudications is that Appellant-Applicant LaBounty's two zoning applications are DENIED, without prejudice to resubmit such

applications in the event that variances from the applicable setback requirements are obtained or the applicable Bylaw sections are revised so as to permit the applications to otherwise be approved.

This decision concludes the pending appeals.

Done at Berlin, Vermont, this 16th day of September, 2005.

_____

Thomas S. Durkin, Environmental Judge