**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| **McDermott Conditional Use Application** | } } } | **Docket No. 11-1-06 Vtec** |

## Decision and Order Motion for Summary Judgment

Appellants Gary and Lori Grzywna appealed from the decision[1] of the Town of Williston (Town) Development Review Board (DRB), approving Applicant Kevin McDermott's conditional use application for a proposed three-car garage addition to their residential property at 276 Sherwood Forest Road.

Mr. McDermott has not entered an appearance in this appeal. Appellants are represented by Mark G. Hall, Esq. and David M. Pocius, Esq.; the Town is represented by Paul S. Gillies, Esq. Now pending is Appellants' motion for summary judgment.

## Factual Background[2]

1.       Applicant Kevin McDermott ("Applicant") owns a 14.9± acre parcel of land located at 276 Sherwood Forest Road, in the Town's Ridgeline/Wooded Hillside Protection Overlay District.

2.       On June 21, 2005, Applicant applied to the DRB for conditional use approval for a new three-car garage with storage capacity. The proposed new garage would be in addition to the existing garage on Applicant's property that adjoins his residence.

3.       The proposed new garage would be on a newly cleared area, separate from the cleared area upon which Applicant's existing residence, garage, pool, septic system and driveways are located. The proposed new garage would be accessed by a separate, pre-existing gravel driveway that spurs off of Applicant's paved driveway to his residence.[3]

---

[1] The DRB minutes from its meeting on December 13, 2005 reflect that the DRB granted Applicant's conditional use request on that date. The December 13, 2005 minutes were approved at the DRB's meeting on January 10, 2006. After this appeal was filed, the DRB issued a "Notice of Decision" on January 20, 2006 that memorialized that Appellant's conditional use request had been approved.

[2] All facts recited in this Decision have been represented by the parties as being undisputed unless otherwise noted. Where disputed, we have viewed such facts in a light most favorable to the Town, which is the non-moving party. Christman v. Davis, 179 Vt. 99, 101 (2005).

[3] These facts are gleaned from the site plan entitled "McDermott Property" that was filed with the Court.

4. The existing cleared area on the property, counting only the existing house, pre-existing garage, pool, septic system and yard, totals 0.38 acres.

5. There are two existing driveways on the property. The main driveway is paved and leads to Applicant's existing house, garage, pool and yard. The second driveway is gravel and leads to a separate propone tank. This second driveway, once extended, will serve Applicant's proposed new garage. These two driveways consist of a cleared area of approximately 0.7 acres.

6. The additional area to be cleared for the proposed new garage, not counting the access drive, is estimated to be .06 acres.

7. If the cleared area for the existing driveways and the proposed new garage are included in the total cleared area, the total cleared area is well in excess of 0.5 acres.

## Discussion

Applicant proposes to construct a new garage on his property in the Ridgeline/Wooded Hillside Protection Overlay District ("Overlay District"). Any proposed development in the Overlay District must receive conditional use approval from the DRB. Town of Williston Zoning Ordinance ("Ordinance") § 3.15.7(B). Development in the Overlay District is subject to a number of limitations intended to further the purposes of the Overlay District, which include the following: "to ensure that development in the district does not have an adverse impact on the Town's visual character, does not result in excessive soil erosion, and does not interfere with significant wildlife habitat or corridors." Ordinance § 3.15.1.

Various limitations imposed by Ordinance § 3.15.6 bar development on top of high points, require building exteriors to blend with their surroundings, bar large expanses of glass, bar clear cutting, and require that any selective cutting of trees maintain the continuity of the skyline. At issue in this appeal is the limitation on development in the Overlay District found in Ordinance § 3.15.6(A)(9)(a), which states that:

> 9) Trees may be cleared to create a yard around a dwelling provided that:
> a) The yard, including the footprints of all structures, waste water treatment facilities, swimming pools, tennis courts, parking and circulation areas, etc., may not exceed 0.5 acres or fifty (50) percent of the lot size, whichever is smaller[.]

Appellants argue that the existing cleared area on Applicant's property already exceeds 0.5 acres,[4] and that the DRB arrived at its estimate of a cleared area of 0.38 acres by improperly excluding certain areas already cleared of trees, including the existing driveways, the existing pool deck, and other cleared areas. We are therefore faced with the legal question of what cleared area should be included in the calculation required by Ordinance § 3.15.6(A)(9)(a). If these additional areas should be included, then the Ordinance prohibits further development that necessitates additional clearing. Because the parties to this appeal do not dispute the material facts here, but rather how they should be applied to Ordinance § 3.15.6(A)(9)(a), this matter is ripe for resolution on a summary basis. Gore v. Green Mountain Lakes, Inc., 140 Vt. 262, 264 (1981).

The Town admits that "conditional use approval cannot be granted unless the extent of clearing on the property does not exceed 0.5 acres." Town's Statement of Material Facts at ¶ 11. However, the Town argues that the 0.5-acre limit has not yet been reached on Applicant's property, because driveways and utilities should not be considered "cleared land" for the purpose of the calculation under Ordinance § 3.15.6(A)(9)(a), noting that the term "cleared" is not defined in the ordinance.[5] The Town also appears to assert that only the new area proposed to be cleared should be calculated in determining conformance with the Ordinance.

The Town justifies excluding driveways and utility lines from the calculation on two grounds. First, the Town argues that Ordinance § 3.15.6(A)(9)(a) relates to clearing "to create a yard," and as "driveways [and utility lines] are not part of a yard, [they] should not be considered as part of any clearing." Town's Resp. to Mot. for Summ. J. at 1–2.[6] Second, the existing cleared areas pre-date zoning, and therefore are "not relevant to the calculations required for the present application." Town's Resp. to Mot. for Summ. J. at 2. We disagree.

The Ordinance provides that parking and circulation areas must be considered as part of the cleared area, along with structure footprints, swimming pools, and tennis courts—any of which could otherwise be said to be "not part of a yard." This language instructs that the cleared

---

[4] See the Affidavit of John P. Pitrowiski, P.E. attached to Appellants' Mot. for Summ. J. (stating that the existing cleared areas "far exceed 0.5 acres" and that the existing driveways represent at least 0.7 acres of cleared land). The Town offered no factual representations refuting those found in Mr. Pitrowiski's Affidavit. Those facts are therefore deemed admitted for the purposes of our review of the pending motion. V.R.C.P. 56(e).

[5] See Town's Resp. to Mot. for Summ. J. at 1 ("It is all fine to turn to the dictionary, but alone that settles nothing.").

[6] See also the Affidavit of Lee Nellis, Town Planner, attached to Town's Resp. to Mot. for Summ. J. ("the town has never included driveways or utility lines in its calculations of the 'cleared' area.").

area to be counted includes more than what a common definition of a "yard" entails. In this regard, when searching for the proper interpretation of a zoning regulation, we follow the first rule of statutory construction: look to the language of the very regulation we are seeking to define. See Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 525 (1999) ("Ordinances are to be interpreted according to the basic rules of statutory construction and enforced in accordance with their plain meaning.").

While we find clarity in the explanation in Ordinance § 3.15.6(A)(9)(a) of what areas must be included, we are also guided by the overall focus of the various limitations to development in the Overlay District, which is to preserve standing trees and minimize the visual impacts of development. To the extent that we interpreted the cleared area term more restrictively, such that more clearing would be allowed, the potential would be increased for adverse impacts on the Town's visual character, soil erosion, and significant wildlife habitat and corridors in this highly regarded area of wooded hillsides and ridgelines.[7]

Ordinance § 3.15.6 requires that no conditional use approval be granted unless an extensive list of conditions is met, including the condition that the cleared area on a lot cannot exceed 0.5 acres or fifty percent of the lot, whichever is smaller. The calculation of the cleared area must include any area where trees are or have been removed, even if those areas are not grassy or otherwise "yard-like." We find as a matter of law that the term "parking and circulation areas, etc." includes driveways and access roads, and therefore conclude that areas cleared for driveways and access roads must be counted in the calculation of cleared areas under § 3.15.6(A)(9)(a). Because the inclusion of the area cleared for the existing driveway results in total cleared area on Applicant's property of more than 0.5 acres, we need not rule on whether utility lines or pool decks should also be included in the calculation of the total cleared area.

Furthermore, the fact that some or all of the clearing on a parcel may pre-date zoning does not mean that the pre-existing cleared areas can be ignored when the DRB in the first instance, or this Court on appeal, is considering the question of whether conditional use approval may be granted for new construction in the Overlay District. Conditional use approval in this

---

[7] In reaching this conclusion, we recognize that we are in conflict with the interpretation of the Ordinance suggested by the Town. We regret this conflict and do not reach it without considering the legitimate deference that should be afforded those professionals and volunteers who regularly take up the responsibility of interpreting zoning regulations within their own communities. In re Korbet, 178 Vt. 459, 462 (2005), citing In re Maple Tree Place, 156 Vt. 494, 500 (1991). In this instance, however, the language of Ordinance § 3.15.6(A)(9)(a) appears clear and not supportive of the conclusions offered by the Town.

district may only be granted if the extent of clearing on the property totals less than 0.5 acres. The argument that clearing that occurred prior to zoning need not be counted is not support by any legal precedent of which we have been made aware. In fact, the most analogous legal precedent that comes to mind relates to pre-existing uses that no longer conform to current zoning regulations. Communities are required to allow such nonconformities to continue, but are entitled to "regulate and prohibit expansion" of uses that no longer conform to their zoning regulations. 24 V.S.A. § 4412(7)(A). Williston has chosen to prohibit the expansion of nonconforming uses, see Ordinance § 4.4.3. We cannot reconcile this approach to nonconforming uses with an allowance of total cleared area in the Overlay District beyond that mandated by Ordinance § 3.15.6(A)(9)(a). We therefore cannot find a legal foundation for concluding that the Ordinance allows previously cleared areas in the Overlay District to be ignored.

Accordingly, based on the forgoing, we hereby **GRANT** Appellants' motion for summary judgment. In doing so, we specifically **REVERSE** and **VACATE** the DRB's decision granting conditional approval to Kevin McDermott for construction of a new three-car garage and associated clearing of trees in the Ridgeline/Wooded Hillside Protection Overlay District. Today's Decision concludes the pending appeal. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont, this 21st day of December, 2006.

_____
Thomas S. Durkin, Environmental Judge