Environmental Court of Vermont
State of Vermont

=========================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
=========================================================================

Mastelli Construction Application              Docket No. 220-10-07 Vtec
Project:     Mastelli Construction Application
Applicant:   Richard Mastelli
       (Appeal from ZBA denial of appeal from Zoning Admin. determination)

Title: Motion for Reconsideration, No. 7

Filed:       September 30, 2008

Filed By: Pro Se, Attorney for:
          Appellant Richard Mastelli

Response: NONE

___  Granted              _X_ Denied              ___  Other


     On September 19, 2008, this Court issued its decision on the parties' competing requests for summary judgment, finding that material facts were either disputed or not fully presented to the Court, such that summary judgment was inappropriate for either party as to Appellant's Questions 1 and 2 from his Statement of Questions. The Court further concluded that the undisputed material facts warranted summary judgment in the Town's favor as to Appellant's remaining Question (#3). Appellant thereafter requested that the Court reconsider its determination as to Question 3. For the reasons stated below, we conclude that Appellant has not put forth new evidence or legal arguments sufficient to warrant a change to our September 19 Decision.

     We first note that our prior Decision was in response to pre-trial motions and did not result in a final judgment being rendered; we specifically concluded that a trial remains necessary prior to the entry of a final judgment in this appeal. As such, the September 19 Decision and any reconsideration of it is not governed by V.R.C.P. 59 or 60, as those Civil Rules only pertain to judgments after trial or verdict. While Rules 59 & 60 provide some help by analogy, we consider Appellant's motion as governed not by a specific procedural Rule, but by this Court's inherent powers to reconsider interim decisions, so as to avoid error or manifest injustice.

     In that regard, we note that while Appellant puts forth specific indications of where he disagrees with the Court's interpretation of the applicable law or believes that the Court misapplied the applicable law, Appellant has put forth no new factual representations upon which he bases his reconsideration request. Thus, we are asked to adopt a different legal analysis than that announced in our September 19 Decision. We have previously noted that disagreement between the moving party and the Court is not grounds for reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007)

(Wright, J.). Motions to reconsider should not be used to repeat arguments that have been raised and rejected by this Court in a prior decision. Id. at 1. Rather, motions to reconsider serve narrow purposes, and for this reason such motions are usually denied. In re South Village Community, LLC, No. 74-4-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 14, 2006) (Durkin, J.) (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.0). To the extent that we do not touch upon each of Appellant's legal arguments here, it indicates that we concluded that his reconsideration arguments do not provide a new or sufficient legal basis for disturbing our original legal determinations.

Appellant's additional legal arguments asserting that concepts of equitable estoppel should apply here, so that his proposed construction on an undersized lot must be approved, omits consideration of the first requirement in 24 V.S.A. § 4412(2) and Town Zoning Regulations article III, § 2 that to qualify as a lawful, pre-existing small lot, the parcel must be held "in individual and separate and non-affiliated ownership from surrounding properties on the effective date of" the zoning regulations. (Emphasis added.)

As we noted in the Decision, Appellant's motion for summary judgment must be denied on all three Questions. Here, we have a representation that when Appellant's 12.2± acre parcel was first created as a single lot in 1989, the then owner represented that the entire 12.2± acres would be held as one parcel. Thus, while we note that this may be a contested fact and therefore subject to resolution only through trial, this fact, when viewed in a light most favorable to the Town for the purposes of considering Appellant's prior motion, precludes summary judgment in his favor. See V.R.C.P. 56(c)(3).

We know of no representation that Appellant's 1.2± acre parcel was held separately when the Zoning Regulations went into effect in 1982. In fact, the sole representation before us on this point is that Appellant's predecessor in title specifically represented when he was first seeking a permit to create the 12.2± acre parcel that the entire 12.2± acres would be held as one parcel. If this fact is proved true at trial, then it appears that Appellant's 1.2± acres are unable to meet the regulatory definition for a pre-existing small lot, as contained in 24 V.S.A. § 4412(2) and Regulations article III, § 2. To the extent that Appellant is claiming that he should be allowed to assert that his 1.2± acres became a separate, undersized lot after zoning came into effect and should nonetheless be regarded as a lawful, separate lot, we await the opportunity at trial to determine the accuracy and legal strength of this argument.

We have again reviewed the September 19 Decision and the applicable precedent concerning the application of equitable estoppel against a government entity. We have not discovered a material flaw in our prior reasoning that would warrant a modification in our prior Decision. In particular, we note that the foundation for Appellant's arguments here is not a prior permit issued to him and upon which he relied, but rather advice he received from prior Town officials concerning the legal concepts of undersized lots. When a subsequent zoning administrator was called upon by Appellant in 2007 to recognize his 1.2± acre parcel as a separate lot, the administrator expressed a contrary opinion. Thus,

while it is unfortunate for Appellant that the current zoning administrator interprets the evolving law relating to pre-existing small lots differently than his predecessors did in 2006, we cannot categorize the verbal advice he received in 2006, on the record now before us, as anything other than advisory in nature and therefore not sufficient to apply the doctrine of equitable estoppel. In this regard, we find helpful the precedent noted in In re Lyon, 2005 VT 63, 178 Vt. 232.

While the Court in Lyon determined that extraordinary facts, including the systematic misapplication of the law by a state-wide agency, warranted the application of equitable estoppel against the state, which had revoked a prior permit issued to Mr. and Mrs. Lyon, the Court noted several prior cases to support its continuing belief that equitable estoppel should only be applied against government entities in extraordinary cases. In particular, the Court in Lyon noted that it had previously declined to apply the equitable estoppel doctrine where a zoning administrator had provided mistaken advice, but not a final decision. Id. at ¶ 29 (citing Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 524 (1999)). Similarly, the Court in Lyon noted that it had previously declined to apply the equitable estoppel doctrine where an Act 250 District Coordinator had mistakenly advised that a proposed project would not need a state land use permit. Id. at ¶ 30 (citing In re McDonald's Corp., 146 Vt. 380, 384-85 (1985)).

The Lyon Court did not reject the precedent announced in either Wesco or McDonald's, but rather relied upon those prior cases in stressing the need to apply equitable estoppel against government entities only in extraordinary cases.

Because we again cannot say that the facts presented to us meet that extraordinary threshold, we cannot apply the estoppel doctrine here. While our entry here evidences that we have reconsidered our prior determination, we DECLINE again to enter summary judgment in Appellant's favor on his Question 3. The entry of summary judgment in the Town's favor as to Appellant's Question 3 remains.

_____     __November 14, 2008__
      Thomas S. Durkin, Judge                              Date

========================================================================

Date copies sent to: _____          Clerk's Initials _____
Copies sent to:
    Appellant Richard Mastelli
    Bruce Bjornlund, Esq., Attorney for the Town of East Montpelier