STATE OF VERMONT

SUPERIOR COURT                                         ENVIRONMENTAL DIVISION
                                                       Docket No. 126-10-19 Vtec

| Duval CU Denial |
|---|

### ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (126-10-19 Vtec)
Count 2, Municipal DRB Conditional Use (126-10-19 Vtec)

Title:          Motion to Dismiss Town's Cross Appeal (Motion 5)
Filer:          Peter K. Duval
Attorney:       Pro Se
Filed Date:     February 10, 2020

Response filed on 02/18/2020 by Attorney Joseph S. McLean for Cross Appellant Town of Underhill
          Opposition

**The motion is DENIED.**


        This decision addresses Applicant-Appellant Peter Duval's (Applicant) motion to dismiss The Town of Underhill's (Town) cross-appeal for lack of subject matter jurisdiction.  Applicant argues that the Town failed to timely appeal an administrative act by the Zoning Administrator (ZA) to the Town of Underhill Development Review Board (DRB), pursuant to 24 V.S.A. § 4472. Applicant contends that the ZA's November 2, 2017 filing of Applicant's conditional use permit application and subsequent scheduling of a hearing before the DRB constitutes an administrative act, requiring notice of appeal within 15 days.  See 24 V.S.A. § 4465(a) (delineating the appeal period).  The Town counters that their cross-appeal is authorized by V.R.E.C.P. 5(b)(2) and neither conduct, filing nor scheduling, by the ZA on November 2, 2017 constitutes an appealable decision on the merits.

        Town is represented by Joseph S. Mclean, Esq. Applicant is self-represented.

        We begin by noting when parties are self-represented, the Court is careful to ensure self-represented litigants are not "taken advantage of by strict application of the rules of procedure." Town of Washington v. Emmons, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.).  Although we afford self-represented litigants greater flexibility, "[t]his does not mean that [they] are not bound by the ordinary rules of civil procedure." Vahlteich v. Knott, 139 Vt. 588, 590–91 (1981); In re Waitsfield Public Water System Act 250 Permit, No. 33-2-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 15, 2010) (Durkin, J.) (noting that the "duty the courts owe to self-represented litigants does not extend to representation or advocacy").

        As a preliminary matter, the mere filing or scheduling of an application by a ZA does not constitute an appealable decision or act on the merits.  Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 523 (1999) (stating that the act of the ZA in scheduling a zoning permit application for review

did not constitute a decision on the merits). Here, the ZA merely referred Applicant's application to the DRB. Id. Decisions by the ZA subject to appeal include denial or approval of a permit application. Id. (citing 24 V.S.A. §4464(a)).

V.R.E.C.P. 5(b)(2) authorizes cross or additional appeals by any other person entitled to appeal "within 14 days of the date on which the statement of questions is required to be filed pursuant to Rule 5(f), or within the time otherwise prescribed by this rule . . . ."[1] Applicant properly appealed the DRB's decision to this Court on October 28, 2019, making the Statement of Questions due to be filed by November 17, 2019. The Town filed a timely notice of appearance on November 7, 2019, challenging the DRB's determination concerning the zoning regulations applicable to Appellant's application. Thus, the Town filed a timely notice of cross-appeal. V.R.C.P. 5(b)(2). Applicants' motion to dismiss is therefore **DENIED**.

So ordered.

Electronically signed on June 30, 2020 at 10:31 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Peter K. Duval
Interested Person John Koier
Interested Person Barbara Koier
Interested Person John Hardacre
Interested Person Marilyn Hardacre
Interested Person John McNamara
Interested Person Cathy McNamara
Joseph S. McLean (ERN 2100), Attorney for Cross Appellant Town of Underhill
Interested Person Dianne Terry
Interested Person Steve Codding
Interested Person Nancy Hall
Interested Person John Hall

---

[1] Timelines must be strictly construed as the "[t]imely filing of a notice of appeal is a prerequisite to [an appellate c]ourt's exercise of jurisdiction." City Bank & Trust v. Lyndonville Say. Bank & Trust Co., 157 Vt. 666, 666 (1991); In re Waitsfield Public Water System Act 250 Permit, No. 33-2-10 Vtec at 1 (Sep. 15, 2010).