Thomas C. MURPHY and Carol A. Presley v. DEPARTMENT OF TAXES

[795 A.2d 1131]

No. 00-524

December 26, 2001. Taxpayers appeal a superior court decision granting State of Vermont Department of Taxes' Rule 60(b) motion and upholding the Commissioner's decision that taxpayers are liable for land gains and property transfer taxes pursuant to 32 V.S.A. §§ 9602 and 10006. On appeal, taxpayers argue the superior court: (1) abused its discretion in finding that the elements of estoppel were not met; (2) abused its discretion under Rule 60(b); (3) failed to make adequate findings for this Court to review; and (4) erred in finding taxpayers liable for land gains tax. We affirm.

This case arises from facts we considered in *Murphy v. Stowe Club Highlands*, 171 Vt. 144, 761 A.2d 688 (2000) (*Murphy I*). The events leading up to *Murphy I* are fully recounted there. In brief, the dispute arose from a purchase and sales contract, signed by Thomas Murphy and Carol Presley (taxpayers) in July of 1994, for an undeveloped lot in Stowe Club Highlands, a residential development. As part of the contract, Stowe Club Highlands, Robinson Springs Partnership and Robinson Springs Corp. (developers) agreed to complete substantial excavation and site preparation by December 1995. However, in August 1996, just under two years from the time of closing, the developers had not completed the work, and taxpayers filed suit against developers for trespass, negligence, breach of contract, and violation of the Vermont Consumer Fraud Act.

Following a five day jury trial, the jury found for taxpayers on the breach of contract claim and awarded taxpayers $100,000 in punitive damages and $58,000 in compensatory damages minus $5000 from an escrow account that developers had already returned to taxpayers, for a total of $153,000. Developers appealed arguing, inter alia, that there was no basis for punitive damages, compensatory damages were excessive, and that taxpayers' damages should have been limited to the amount in escrow. On review, this Court affirmed the judgment as to compensatory damages, but reversed the jury's award of punitive damages. *Murphy I*, 171 Vt. at 167, 761 A.2d at 704.

This appeal concerns the property transfer and land gains taxes the Department now seeks from taxpayers relative to the 1994 purchase of the land. At the closing in September of 1994, taxpayers filed a property transfer tax return claiming the property as their intended principal residence and paying the property transfer tax at a reduced rate pursuant to 32 V.S.A. § 9602(1). In 1995, they filed a land gains tax return claiming the principal residence exemption pursuant to 32 V.S.A. § 10002(b), under the assumption that they would occupy the property no later than two years after the closing date.

In the fall of 1996, the Department contacted taxpayers to determine whether taxpayers had occupied the property within two years and consequently met the requirements for the principal residence exception to the land gains and property transfer taxes. In December of 1996, the Department billed taxpayers $15,906.90 — the amount due on the land gains tax. See 32 V.S.A. § 10002(b). In a letter dated January 2, 1997, taxpayers asked the Department for a waiver from the two year requirement, enclosing a copy of the complaint they had filed against developers for untimely completion of the project. The Department responded in a February 26, 1997 letter.

> Your claim has been placed in appeal status pending the outcome of your complaint. You will continue to get notices every 45 days updating the amount due but the collection division will not contact you requesting payment . . . . Please notify me when you have moved into your new home and when[] you have gone to court.

Taxpayers kept the Department informed of their pending litigation against the developer, and immediately following the jury award in favor of taxpayers, the Department scheduled a hearing for taxpayers' appeal on the land gains and property transfer taxes determination. The Commissioner denied taxpayers' appeal and affirmed the assessment of taxes. Taxpayers appealed this determination to the Washington Superior Court.

On October 25, 1999, the Washington Superior Court heard oral argument on the appeal. Taxpayers argued that the Department should be estopped from collecting tax because it knew or should have known that taxpayers would rely on its 1996-97 letter to mean that the Department would not collect the tax if taxpayers were successful in their litigation against the developer and that taxpayers relied on these representations to their detriment by not pursuing a claim against developer for the tax. During argument, taxpayers proffered to the court that if not for the Department's representations, they would have amended the complaint to include a claim for reimbursement of the taxes. On December 29, 1999, the court reversed the determination of the Commissioner, found that all of the elements of estoppel were present, and concluded that this circumstance was one of the extraordinary times that estoppel should be used against the government.

On July 18, 2000, the Department moved for relief from the superior court's order, pursuant to Rule 60(b), on the grounds that following this Court's decision in *Murphy I*, the Department was made aware that the taxes were in fact part of the damages claim made in the litigation against developer, and, therefore, the fourth element of estoppel was not established because taxpayers had not relied on the Department's representations to their detriment. The motion was argued in front of the superior court on August 31, 2000, and the court made findings from the bench. On September 18, 2000, the superior court granted the Rule 60(b)(1) motion in a written order,

finding the initial order was based on mistake, that new information revealed that the fourth element of estoppel was not met and, therefore, affirming the determination of the Commissioner. This appeal followed.

We review a Rule 60(b) decision narrowly as "[t]he power to grant relief from a final judgment rests solely in the sound discretion of the trial court." *Goshy v. Morey*, 149 Vt. 93, 95, 539 A.2d 543, 545 (1987) (citation omitted). We will not overturn a Rule 60(b) order unless discretion was withheld or abused. *Altman v. Altman*, 169 Vt. 562, 563-64, 730 A.2d 583, 585 (1999) (mem.).

Taxpayers challenge the superior court's denial of their estoppel claim on appeal from the determination of the Commissioner. "Estoppels against the government are rare and are to be invoked only in extraordinary circumstances." *Wesco, Inc. v. City of Montpelier*, 169 Vt. 520, 524, 739 A.2d 1241, 1244 (1999) (citation omitted). To meet the elements of estoppel taxpayers would have had to establish that (1) the Department knew the law required the assessment of taxes regardless of the results of taxpayers' litigation; (2) the Department intended that its letters would create the impression that the tax would not be assessed if taxpayers were successful in their breach of contract claim, or taxpayers had the right to that impression based on the Department's letters; (3) taxpayers did not know that the law would require them to pay the taxes even if they succeeded in their litigation against developer; and (4) taxpayers must have relied on the Department's letters and communications to their detriment. See *Beecher v. Stratton Corp.*, 170 Vt. 137, 140, 743 A.2d 1093, 1096 (1999). Here, the fourth element was not met.

Taxpayers asserted in the initial argument before the superior court that they had relied on the Department's representation to their detriment be-cause they had not amended the complaint in their suit against developer to include a claim for the land gains tax. This assertion was somewhat misleading, however, as taxpayers argued to the trial court that taxes should be part of damages for breach of contract, and evidence of the taxes was presented to the jury. Furthermore, in briefs submitted on appeal in *Murphy I*, taxpayers argued to this Court that the jury-awarded compensatory damages were not excessive because the land gains tax was included in the award. Taxpayers asserted that the loss in value ($38,600) added to the land gains tax with interest ($19,000) minus the escrow already returned ($5000) came to a total of $52,600 — just shy of the $53,000 award. On review, we held that the award of compensatory damages was supported by the evidence. *Murphy I*, 171 Vt. at 158, 761 A.2d at 698. Taxpayers cannot in good faith argue to this Court in one case that the land gains tax was part of their judgment, and in another, that it was not. "The doctrine of equitable estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice." *Wesco*, 169 Vt. at 523-34, 739 A.2d at 1244 (internal citation and punctuation omitted). Taxpayers not only ask us to grant estoppel where they have failed to meet the elements but ask us to grant it in contravention of its purpose — equity. The trial court did not abuse its discretion under Rule 60(b)(1) by determining that the initial order was premised on a mistake.*

---

* We note that given the facts of this case the court could have determined that relief from the order was available under Rule 60(b)(3) "misrepresentation." At the very least, taxpayers here are attempting to turn to their advantage a mistake that would have been unlikely to have been made had the State and the court realized the extent to which damages for

Taxpayers further assert that the superior court erred by failing to make adequate findings for this Court to review. The superior court held both a hearing on the appeal of the tax determination and a hearing for the Rule 60(b) motion; it made substantial written findings after the initial argument and oral findings on the record at the close of the Rule 60(b) hearing.

> [It] was the Court's understanding . . . that there had not been any pursuit of the land gains tax liability component in the civil litigation against the developer. The review of the record . . . show[s] that I was mistaken in that. . . . In fact, there was pursuit of that claim through pre-trial motions, through interrogatory answers . . . . [the trial court's] instructions are broad enough to permit the jury to include land gains tax in the breach of contract award. . . . Therefore, this Court was mistaken in its understanding which led to the conclusion that the fourth element of estoppel was met and the Court does grant the State's motion based on Rule 60(b)(1) on the grounds of mistake . . . .

Further, the superior court's entry order on the Rule 60(b) hearing explained, the "[c]ourt was mistaken based on oral

_____
the land gains tax were a part of the underlying case as presented to the jury in *Murphy v. Stowe Club Highlands*, No. 160-8-96LeCv. See *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996) (when district court dismissed case on mistaken belief that parties had reached settlement, plaintiff entitled to relief under Rule 60(b) notwithstanding defendant's contention that relief not warranted).

argument. New information shows that the fourth element for estoppel is not met. Pursuant to 60(b)(1), motion granted." Together, these findings were specific in nature and make it clear to this Court the basis of the superior's court decision. *Goshy*, 149 Vt. at 99, 539 A.2d at 547-48 (decision on motion must give findings that will enable Court to determine basis for decision and demonstrate how trial court used its discretion).

Finally, taxpayers argue that they are not liable for the land gains tax because developer failed to file a timely tax return as required under 32 V.S.A. § 10006. The land gains tax is imposed on gains from the sale of land, but not where the land is ten acres or less and where the purchaser intends to use the land as a principal residence. *Id.* § 10002(b). The transferor is ordinarily liable for the tax; however,

> whenever in this chapter the transferor is relieved from liability for the payment of the tax on account of a certification or statement made by the transferee concerning the use or intended use of the land, and such certification or statement is, or turns out to be, untrue or incorrect, then the tax otherwise due from the transferor shall become the liability of, and shall be paid by, the transferee.

*Id.* § 10006(a). In interpreting a statute, we look to the plain meaning of the words. *Tarrant v. Dep't of Taxes*, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999). In this case, the certification by the developer, at the time the return was filed, passed liability to taxpayers. See 32 V.S.A. § 10006(a). Taxpayers argue that developer's errors on that return, specifically, that developer indicated that the amount of liability being transferred was "0", absolves them of liability because they had no notice of the amount to be due

should they not meet the conditions of the principal residence exception. First, taxpayers were on full notice of the liability that would result if they did not meet the conditions of the exemption, as all of the figures with the exception of the total were accurate. Moreover, developer's error does not relieve taxpayers of liability — the return clearly states, "if buyer fails to comply with all necessary requirements for an exemption, buyer will be liable for tax."

*Affirmed.*

Motion for reargument denied January 29, 2002.