2005 VT 84

# Department of Taxes v. Thomas C. Murphy and Carol A. Presley

[883 A.2d 779]

No. 04-350

Present: Reiber, C.J., Dooley, Johnson and Skoglund, JJ., and Allen, C.J. (Ret.), Specially Assigned

Opinion Filed July 29, 2005

*William H. Sorrell*, Attorney General, and *Stephen W. Gould*, Special Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Jeff W. Lively*, Moscow, for Defendants-Appellants.

¶ 1. **Reiber, C.J.** Taxpayers appeal a superior court decision granting State of Vermont Department of Taxes' summary judgment motion and thereby requiring taxpayers to pay the unpaid land gains tax pursuant to 32 V.S.A. § 10006. On appeal, taxpayers argue that the six-year statute of limitations in 32 V.S.A. § 5892 bars the Department from collecting the land gains tax, and challenge the merits of the underlying tax assessment. We affirm.

¶ 2. We will briefly summarize the facts because this is the third time this case has been appealed to this Court, and the events leading up to this appeal are fully recounted in *Murphy v. Stowe Club Highlands*, 171 Vt. 144, 761 A.2d 688 (2000) [hereinafter *Murphy I*], and *Murphy v. Department of Taxes*, 173 Vt. 571, 795 A.2d 1131 (2001) (mem.) [hereinafter *Murphy II*]. Taxpayers purchased an undeveloped lot in Stowe Club Highlands in 1994. Taxpayers contracted with developers to have the site substantially excavated and prepared by 1995. In 1996, however, the developers had not completed the work and taxpayers filed suit against the developers. Following a jury trial, the jury awarded taxpayers punitive and compensatory damages. Developers appealed to this Court, and we affirmed the judgment as to the compensatory damages, but reversed the jury's award of punitive damages. *Murphy I*, 171 Vt. at 167, 761 A.2d at 704.

¶ 3. In 1995, taxpayers filed a land gains tax return claiming the principal residence exemption pursuant to 32 V.S.A. § 10002(b), under the assumption that they would occupy the property no later than two years after the closing date. Taxpayers failed to occupy the land within two years because the developers failed to complete the necessary work. The Department billed taxpayers for the land gains tax on December 2, 1996. Taxpayers requested a waiver from the Commissioner of Taxes, and the Commissioner responded that the claim was in appeal status pending the outcome of their complaint against the developers. After the jury award in favor of taxpayers, the Department held a hearing for taxpayers' appeal of the land gains tax determination and affirmed the tax assessment. Taxpayers appealed to the superior court, and the court affirmed. Taxpayers then appealed to this Court, and on December 26, 2001, we held that taxpayers had to pay the land gains tax. *Murphy II*, 173 Vt. at 574-75, 795 A.2d at 1135. On January 29, 2002, we denied taxpayers' motion for reargument.

¶ 4. Thereafter, the Department sought to collect the land gains tax. As a defense, taxpayers raised whether suit was filed within six years after the date the tax liability was "collectible" pursuant to 32 V.S.A. § 5892 and § 5886. On February 5, 2003, the Department commenced

an action against taxpayers under § 5892 to recover the unpaid land gains tax. The parties filed cross-motions for summary judgment. The trial court granted the Department's motion concluding that it timely sought to recover the unpaid land gains tax under 32 V.S.A. § 5892, and that taxpayers' other challenges were barred by res judicata. Taxpayers appealed.

¶ 5. In reviewing a summary judgment ruling, we apply the same standard as the trial court. The moving party must prove that no genuine issues of material fact exist, and that it is entitled to judgment as a matter of law. *White v. Quechee Lakes Landowners' Ass'n,* 170 Vt. 25, 28, 742 A.2d 734, 736 (1999). When interpreting a statute, our overriding goal is to effectuate the Legislature's intent. In reaching this goal, we first look at the statute's plain language. If the statute's plain language "resolves the conflict without doing violence to the legislative scheme we are bound to follow it." *State v. Baron,* 2004 VT 20, ¶ 6, 176 Vt. 314, 848 A.2d 275 (quotations omitted).

¶ 6. Here, the statute's plain language resolves the statute of limitations issue. If the liable party fails to pay the land gains tax under 32 V.S.A. § 10006, the Department may bring an action to recover the tax pursuant to chapter 151 of Title 32. 32 V.S.A. § 10007(e). Chapter 151 requires the Department to bring an action to collect taxes "within six years after the date the tax liability was collectible under section 5886 of this title." 32 V.S.A. § 5892. In turn, § 5886(a) states that an "assessment shall be collectible by the commissioner 60 days after the date of the notification or assessment." If a taxpayer files a petition, the collection, however, is stayed for thirty days after notification of the determination by the Commissioner. *Id.* § 5886(a)(1). If within thirty days of notification of the Commissioner's determination, the taxpayer files a notice of appeal, the "collection shall be stayed pending judgment of the court upon the appeal." *Id.* § 5886(a)(2).

¶ 7. Based on the statute, taxpayers argue that the assessment date, plus the sixty-day period, determines when a tax is collectible. Under this reasoning, the tax became collectible sixty days after the Department billed taxpayers for the tax on December 2, 1996. They argue that this would render the Department's filing on February 5, 2003 untimely because it would have had to file the action by February 2, 2003. That argument, however, directly conflicts with the statute's plain language. The statute expressly stays the running of the statute of limitations if the taxpayer files a notice of appeal. The statute also expressly states that the limitations period begins to run upon the

judgment on appeal. Thus, the date of the final judgment on appeal determines when the tax is collectible.

¶ 8. Taxpayers appealed to the superior court and then this Court. By invoking their appeal rights, the assessment was not collectible until the final judgment of this Court, which occurred on December 26, 2001. Consequently, the statute of limitations began to run on that date. Accordingly, the Department had until 2008 to commence this action. Because the Department commenced this action in 2003, well within the six-year time period, the trial court correctly found that the statute of limitations did not bar the Department's claim against taxpayers.

¶ 9. Morever, the trial court properly found that res judicata barred taxpayers from litigating the merits of the land gains tax assessment. "Res judicata bars litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter, and causes of action are identical or substantially identical." *Kellner v. Kellner*, 2004 VT 1, ¶ 8, 176 Vt. 571, 844 A.2d 743 (mem.) (quotations omitted). Moreover, res judicata bars parties from litigating claims that were raised in previous adjudicative proceedings and those that the parties could have raised. *Merrilees v. Treasurer*, 159 Vt. 623, 624, 618 A.2d 1314, 1316 (1992) (mem.).

¶ 10. Here, taxpayers argue that neither the trial court nor this Court has ever ruled on the underlying merits of the tax assessment. They further contend that the land gains tax was not part of the award in *Murphy I* because the complaint against the developers did not contain a claim for the land gains tax. They contend that no court has considered whether the land gains tax is valid.

¶ 11. To the contrary, we previously determined that taxpayers are liable for the land gains tax. In *Murphy II*, we held that taxpayers were liable for payment of the land gains tax. We stated that:

> taxpayers were on full notice of the liability that would result if they did not meet the conditions of the exemption, as all of the figures with the exception of the total were accurate. Moreover, developer's error does not relieve taxpayers of liability — the return clearly states, "if buyer fails to comply with all necessary requirements for an exemption, buyer will be liable for tax."

*Murphy II*, 173 Vt. at 575, 795 A.2d at 1135. In addition, in *Murphy II* we rejected taxpayers' argument that the land gains tax was not part

of the damages awarded during the jury trial, and noted that taxpayers' argument was misleading. In rejecting their claim, we explained that:

> Taxpayers asserted in the initial argument before the superior court that they had relied on the Department's representation to their detriment because they had not amended the complaint in their suit against developer to include a claim for the land gains tax. This assertion was somewhat misleading, however, as taxpayers argued to the trial court that taxes should be part of damages for breach of contract, and evidence of the taxes was presented to the jury. Furthermore, in briefs submitted on appeal in *Murphy I*, taxpayers argued to this Court that the jury-awarded compensatory damages were not excessive because the land gains tax was included in the award. . . . Taxpayers cannot in good faith argue to this Court in one case that the land gains tax was part of their judgment, and in another, that it was not.

*Id.* at 573, 795 A.2d at 1134. Because the parties, subject matter, and causes of action are substantially identical to the conflict we resolved in *Murphy II*, taxpayers are barred from relitigating the merits of the land gains tax assessment.

*Affirmed.*