*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-141

JANUARY TERM, 2012

| | | |
|---|---|---|
| Michael Branch Electrical | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Adam Wagner, Christine Wagner and August | } | DOCKET NO. 189-3-09 Wrcv |
| and Sterling, LLC | } | |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the superior court's decision awarding plaintiff post-judgment attorneys' fees following the dismissal, as untimely filed, of defendant's initial appeal from the judgment in favor of plaintiff. We affirm.

Plaintiff served as an electrical subcontractor for defendant, the general contractor on a residential construction job. Plaintiff filed a complaint against defendant and the homeowners, alleging breach of contract and violation of the Prompt Pay Act. Following a bench trial, the superior court entered judgment for plaintiff totaling $10,325, less a credit of $7900 for payments made by the homeowners, who had settled with plaintiff. The judgment order included $2150 in attorneys' fees incurred during the trial court proceedings.

Defendant appealed the judgment to this Court, which dismissed the appeal as untimely filed and denied defendant's motion for reconsideration by entry order dated December 8, 2010. The mandate was issued on December 20, 2010, when the Supreme Court docket clerk sent the file and a certified copy of the decision back to the trial court. See V.R.A.P. 41.

On January 4, 2011, plaintiff filed a motion with the trial court seeking post-judgment attorneys' fees. See V.R.A.P. 39(f) (providing that claims for attorneys' fees incurred on appeal "shall be made by motion in the trial court pursuant to Rule 54(d)(2) of the Vermont Rules of Civil Procedure within 14 days after issuance of the mandate in accordance with Rule 41(a) of these rules"). Defendant opposed the motion on grounds that it was untimely filed and that some of the costs were unnecessary.

On February 8, the court ruled that plaintiff's motion for attorneys' fees was timely filed, finding that the fourteen-day period for filing the motion had not elapsed between December 20, 2010, the date the mandate issued, and January 4, 2011, the date the motion was filed. The court reaffirmed its conclusion at a February 24, 2011 hearing on the attorneys' fees motion. In the context of a discussion about whether the filing was, in fact, late, the trial court reaffirmed its conclusion concerning the timing, but also articulated an alternative rationale for allowing the

motion, stating that even if it had been late by a couple of days, and if plaintiff had requested an extension for filing the motion, the court would have granted it.

On March 8, following the February 24 hearing, the court issued a decision determining that plaintiff was entitled to $3442 in post-judgment attorneys' fees. On March 25, the court entered a consolidated final judgment order that included the post-judgment attorneys' fees.

Defendant appeals from that order, raising five claims of error. Four of his claims concern the proceedings that led to the trial court's judgment on the merits. That judgment was the subject of defendant's initial appeal that this Court dismissed as untimely filed. That dismissal represented a final judgment on the merits. Res judicata principles preclude defendant from raising in this appeal from an award of post-judgment attorneys' fees issues that defendant had a full and fair opportunity to raise in the earlier appeal from the final judgment on the merits of the case, even though that previous appeal was dismissed as untimely filed. See State v. Murphy, 2005 VT 84 ¶ 9, 178 Vt. 268 ("[R]es judicata bars parties from litigating claims that were raised in previous adjudicative proceedings and those that the parties could have raised."); Triplett v. Office of Pers. Mgmt., 250 Fed. App'x 322, 326 (Fed. Cir. 2007) (concluding that administrative board properly affirmed dismissal of second appeal on res judicata grounds after first appeal was dismissed as untimely filed); cf. Whippie v. O'Connor, 2011 VT 97, ¶ 7, 30 A.3d 1292 (noting that law-of-the-case doctrine precludes revisiting in second appeal questions decided in previous appeal). Defendant cannot overcome the consequences of failing to file a timely appeal of the trial court's final judgment on the merits of the case by seeking to attack that judgment in an appeal from a subsequent, independent decision concerning post-judgment attorneys' fees. Accordingly, we decline to address defendant's first four claims of error.

Although we conclude that defendant may not raise in this appeal the first four claims of error set forth in his brief, we deny plaintiff's motion to sanction defendant under V.R.C.P. 11 for having raised those issues.

Defendant also argues that the trial court erred by ruling that plaintiff's motion for post-judgment attorneys' fees was timely filed. The trial court correctly stated that this Court's mandate issued on December 20, 2011,[*] that plaintiff's motion was filed on January 4, 2011, and that the fourteen-day period for filing the motion began to run on December 21, the day following issuance of the mandate. The court did not correctly calculate the fourteen-day period, however. Starting the count from December 21, the fourteenth day is January 3, not January 4. Therefore, the motion was untimely filed. See V.R.A.P. 39(f) (stating that motion for attorneys' fees on appeal must be filed in trial court within fourteen days of issuance of mandate).

Plaintiff argues in the alternative that even if the motion was untimely filed, this Court should defer to the trial court's discretionary decision to allow the untimely filing. At the February 24 hearing on plaintiff's motion for attorney's fees, the court ruled that, even assuming the motion was one day late, it would still allow the motion as the claimed one-day delay in filing was not unreasonable.

---

[*] Plaintiff took the position at oral argument that the mandate did not issue until the trial court received the file from this Court on December 29. Vermont Rule of Civil Procedure 41(a) clearly defines issuance of the mandate with reference to the actions of this Court in issuing a certified copy of the judgment and a copy of the opinion of the court, and any direction as to interests or costs, unless the Court directs that a formal mandate issue. The date the trial court received the file is immaterial.

We cannot conclude that the trial court abused its discretion in articulating this alternate holding. Pursuant to Vermont Rule of Civil Procedure 6(b), the trial court had discretion to enlarge the time for filing of the attorneys' fee motion. In this case, the court found that if the filing was one day late, the delay was reasonable. The court rightly noted that the deadline for filing post-appeal motions for fees is not jurisdictional, in contrast to the thirty-day time period for filing an appeal from a final judgment. See In re Shantee Point, Inc., 174 Vt. 248, 259 (2002) ("The timely filing of a notice of appeal is jurisdictional.") Accordingly, although we agree with defendant that plaintiff's post-appeal attorneys' fee motion was filed one day after the deadline pursuant to Vermont Rules of Appellate Procedure 39(f), we affirm the trial court's ruling allowing the motion on the ground that the trial court did not abuse its discretion in ruling that it would allow the one-day extension if the filing was in fact late.

As for the merits of the trial court's post-judgment attorneys' fees award, defendant did not order a transcript of the evidentiary portion of the February 24 hearing and further raises no objection in his principal brief. In his reply brief, with respect to the attorneys' fees award, defendant argues about facts in the underlying case—specifically that plaintiff did not complete his contracted work and should not have been entitled to final payment, points out that plaintiff's motion for attorney's fees was filed later than stated, and contends that although the trial court deducted from plaintiff's claimed attorneys' fees the cost of recording a judgment in a town where defendant owned no property, plaintiff violated statutory law by doing so. None of these arguments suggest that any of plaintiff's requested post-judgment attorneys' fees were unreasonable or that the court erred in allowing them.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

3