STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

| | | |
|---|---|---|
| | { | |
| In Re: Saman ROW Approval | { | Docket No. 176-10-10 Vtec |
| | { | |

## Decision in On-the-Record Appeal

In this on-the-record proceeding, William Basa ("Appellant") appeals a 2010 decision by the Town of Plainfield Development Review Board ("the DRB") granting an application for approval of a fifty-foot right-of-way in the Town of Plainfield, Vermont to Peter Saman ("Applicant"). Appellant contends that (1) the application is barred by the successive application doctrine; (2) Applicant is bound by the principles of issue and claim preclusion[1]; and (3) the approved right-of-way did not comply with Section 3.4 of the Town's Interim Zoning Regulations ("the Regulations").[2]

Appellant is represented by Elizabeth H. MaGill, Esq.; Applicant is represented by Thomas Hayes, Esq.; and the Town of Plainfield is represented by Robert Halpert, Esq.

## Background

Applicant owns a 66± acre parcel of land in the Town of Plainfield, Vermont. In 2002, Applicant filed an application seeking subdivision approval before the Zoning Administrator ("the ZA"). At the same time, he also sought the Planning Commission's approval of a fifty-foot right-of-way which crossed an adjoining lot and provided access to the 66± acre parcel. The Planning Commission denied the right-of-way, and, subsequently, the ZA denied the subdivision application as nonconforming based on insufficient road frontage and the lack of an approved right-of-way.

Applicant appealed only the Planning Commission's decision to this Court. See In re Appeal of Peter Saman, No. 83-4-02 Vtec, slip. op. at 2 (Vt. Envtl. Ct. Apr. 2, 2003) (Teachout, J.).

---

[1] In their briefs, the parties use the terms "res judicata" and "collateral estoppel." The Vermont Supreme Court, however, frequently refers to those terms as claim and issue preclusion, and thus we adopt its wording here.

[2] Appellant also contends that approving the right-of-way requires construing Section 3.4 of the Regulations so as to undermine the frontage requirements of Section 4.2. Because this is an on-the-record appeal, however, we are limited to a review of the DRB's Findings of Fact and Conclusions of Law. As Applicant submitted the 2010 application solely for the purpose of obtaining approval of a right-of-way but did not include a request for subdivision approval, the DRB considered only the right-of-way issue. Our review is similarly limited, and we do not consider Appellant's arguments relating to the frontage requirements.

However, we reviewed both the ZA's decision as well as that of the Planning Commission because both decisions were "issued in an interrelated manner." Id. On appeal, we affirmed the ZA's denial of subdivision approval based on the violation of the minimum frontage requirements. Id. at 5. However, we did not reach the merits of the request for right-of-way approval because our decision on the frontage issue rendered it moot.

On April 29, 2010, Applicant filed another application ("the 2010 application") seeking only approval of a right-of-way. This application presumably addressed the same right-of-way for which approval was sought in 2002. The application did not include a request for subdivision approval. In June and August, 2010, the DRB held two hearings to determine whether the right-of-way complied with Section 3.4 of the Regulations. During those hearings, the DRB received evidence concerning the width of the right-of-way; emergency access via the right-of-way; the right-of-way's negative impact on wetlands, waterways, and adjacent residences; and the slope of the right-of-way. After considering the evidence, the DRB issued Findings of Facts and Conclusions of Law in which it concluded that the right-of-way complied with Section 3.4. See In re Saman Request for Right of Way Use Approval, Findings of Fact and Conclusions of Law (Town of Plainfield Dev. Review Bd. Nov. 5, 2010). The DRB unanimously approved the right-of-way but made clear that its decision was limited solely to an approval of the right-of-way and was not an approval of any proposed subdivision. Appellant then timely appealed the DRB's decision to this Court.

### Standard of Review

In an on-the-record appeal, our role as a tribunal reviewing the decisions of municipal panels is similar to that of the Vermont Supreme Court when reviewing appeals from administrative bodies. That is, we do not take new evidence or complete our own determination of the facts. Instead, we will uphold the DRB's factual findings if they are supported by substantial evidence in the record. See In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568. We will review the DRB's legal conclusions without deference unless such conclusions are within the DRB's area of expertise. Id.

### Discussion

Appellant contends that (1) the application is barred by the successive application doctrine; (2) Applicant is bound by the principles of issue and claim preclusion; and (3) the approved right-of-way did not comply with Section 3.4 of the Regulations. The only issue that

2

was before the DRB, and therefore the only issue that is before us in this on-the-record appeal, is the approval of the right-of-way. We do not consider any request for subdivision approval.

For the reasons detailed below, we conclude that neither the successive application doctrine nor the doctrines of issue and claim preclusion bar Applicant's application for right-of-way approval. We also conclude that the DRB's finding that the proposed right-of-way will not adversely impact adjacent residences is supported by substantial evidence in the record.

## I.     Successive Application Doctrine, Issue Preclusion, and Claim Preclusion

Appellant argues that the successive application doctrine as well as the principles of issue and claim preclusion bar Applicant's 2010 application. Applicant contends that the application is not barred because it is not linked to a subdivision application and because the 2002 right-of-way decision was not decided on the merits.

The principles of claim and issue preclusion generally apply to zoning proceedings. In re McGrew, 2009 VT 44, ¶ 10, 186 Vt. 37 (citing In re Carrier, 155 Vt. 152, 157-58 (1990)). However, such principles operate with more flexibility in the municipal zoning context than in the civil context. In re Ferro & Pomeroy Demo/Constr. Permit, No. 197-10-09 Vtec, slip. op. at 5 (Vt. Super. Ct. Envtl. Div. Nov. 22, 2011) (Durkin, J.) (citing In re Dunkin Donuts Site Plan Approval, 2008 VT 139, ¶¶ 7, 10–13, 185 Vt. 583 (mem.)). This flexibility is embodied in the successive application doctrine, a subset of the claim and issue preclusion doctrines that applies specifically to zoning proceedings. See Dunkin Donuts, 2008 VT 139, ¶ 7 ("[T]he 'successive-application doctrine' is a distinct set of preclusive rules developed specifically for zoning proceedings." (quoting In re Armitage, 2006 VT 113, ¶ 4, 181 Vt. 241)); In re JLD Props. – Wal-Mart St. Albans, No. 116-6-08 Vtec, slip. op. at 11 (Vt. Envtl. Ct. Mar. 16, 2009) (Durkin, J.) ("This general rule, known as the 'successive-application doctrine,' embodies the principles of claim and issue preclusion applicable to zoning applications."); In re Choquette Zoning Permit Amendment, No. 199-9-08 Vtec, slip. op. at 2 (Vt. Envtl. Ct. Jan. 7, 2009) (Durkin, J.) (noting that claim preclusion should not be strictly applied to zoning decisions and applying the successive application doctrine instead).

The successive application doctrine prohibits a municipal panel from entertaining a second application for the same project concerning the same property after a previous application has been denied, unless there has been a substantial change of conditions. Dunkin Donuts, 2008 VT 139, ¶ 8 (quoting Carrier, 155 Vt. at 158). As in claim and issue preclusion, a

final decision on the merits denying an application is required before a subsequent application will be barred. See Armitage, 2006 VT 113, ¶¶ 4–7 (discussing issue preclusion and final judgments in the successive application context); In re Stormwater NPDES Petition, 2006 VT 91, ¶ 23, 180 Vt. 261 (listing the requirements for issue preclusion, including a final judgment on the merits); Dep't of Taxes v. Murphy, 2005 VT 84, ¶ 9, 178 Vt. 269 (discussing the requirements for claim preclusion, including the existence of a final judgment). A decision is final if it "makes a final disposition of the subject matter before the Court." Armitage, 2006 VT 113, ¶ 6 (quoting State v. CNA Ins. Cos., 172 Vt. 318, 322 (2001)).

Here, the 2002 applications involved a request for approval of both a right-of-way and a subdivision. The right-of-way included in that application is presumably the same right-of-way found in the 2010 application. After the Planning Commission denied right-of-way approval in 2002, Applicant appealed that decision to this Court. Thus, a "final disposition" of the case was not made at that time. See Armitage, 2006 VT 113, ¶ 6. This Court then concluded that the subdivision to which the right-of-way was linked lacked sufficient frontage under Rule 4.3 of the Regulations and could not be approved, thus rendering the right-of-way issue moot. Appeal of Peter Saman, No. 83-4-02 Vtec, slip. op. at 3. The Court therefore did not address the right-of-way issue on its merits during its adjudication of the 2002 applications, and there was no final disposition of the request for right-of-way approval made at that time.

In conclusion, although the 2010 application presumably concerns the same right-of-way for which approval was sought in 2002, neither the successive application doctrine nor the principles of claim or issue preclusion bar its consideration because the right-of-way issue was never finally decided on the merits.

## II.     Compliance with Section 3.4

Appellant also argues that the right-of-way does not meet all of the criteria set forth in Section 3.4 of the Regulations. That section provides, in pertinent part:

> No development may be permitted on lots, which do not have frontage on a public road or public waters or, with the permission of the Planning Commission, access to such road or waters by permanent easement or right-of-way at least twenty feet in width, is accessible to emergency vehicles, does not negatively impact any waterway, wetland or adjacent residences, and does not traverse a slope greater than 15%.

2011 Town of Plainfield Interim Zoning Regulations § 3.4. Specifically, Appellant contends that the DRB did not comply with 24 V.S.A. § 4464(b)(1), which requires that the DRB "include a

statement of factual bases on which [it] has made its conclusions and a statement of the conclusions." Appellant argues that the DRB violated this provision by failing to make explicit factual findings supporting its conclusion that the proposed right-of-way will not adversely impact adjacent residences.

In his filing of September 22, 2011, Appellant presents sincere arguments regarding the potential impacts the right-of-way may have on adjacent landowners. However, he fails to include any references to the record that provide a foundation for his arguments, and our review of the record also reveals none. In its Findings of Fact and Conclusions of Law, the DRB specifically found that the right-of-way would not adversely impact adjacent residences based on Applicant's testimony that the nearest residence was at least 200 feet away. The DRB was presented with nothing other than Applicant's testimony, and it rendered a legal conclusion under Section 3.4 based on that testimony. The DRB's finding that the proposed right-of-way will not adversely impact adjacent residences is therefore supported by substantial evidence in the record.

### Conclusion

For the reasons detailed above, it is ORDERED that although the 2010 application presumably concerns the same right-of-way for which approval was sought in 2002, its consideration is not barred by the successive application doctrine or the principles of claim or issue preclusion. Moreover, the DRB had a sufficient factual basis on which to conclude that the right-of-way complies with the requirements of Section 3.4, specifically the requirement that the right-of-way not adversely impact adjacent residences. The DRB's decision is **AFFIRMED**.

Done at Berlin, Vermont this 6th day of February, 2012.

_____
Thomas G. Walsh,
Environmental Judge