NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 71

No. 2015-214

| | |
|---|---|
| Deutsche Bank | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Caledonia Unit, |
| | Civil Division |
| | |
| Kevin Pinette | October Term, 2015 |

Robert R. Bent, J.

Jeffrey J. Hardiman and Douglas A. Giron of Schechtman Halperin Savage, LLP, Pawtucket, Rhode Island, for Plaintiff-Appellant.

Grace B. Pazdan, Vermont Legal Aid, Inc., Montpelier, for Defendant-Appellee.

Thomas A. Cox, Portland, Maine, and Geoff Walsh, National Consumer Law Center, Boston, Massachusetts, for Amicus Curiae National Consumer Law Center.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **DOOLEY, J.** Plaintiff Deutsche Bank National Trust Company (lender), as trustee appeals from the decision of the Caledonia Superior Court granting defendant Kevin Pinette's (borrower) motion to dismiss. The superior court dismissed lender's claims for mortgage foreclosure, the unpaid balance on a promissory note, and a deficiency judgment on the ground that they were barred by claim preclusion, as lender had previously instituted an identical action against borrower in 2013, which had been dismissed for failure to prosecute. On appeal, lender argues that because the 2013 action did not actually adjudge the enforceability of the note and mortgage, the dismissal did not have preclusive effect. Further, lender urges us to hold that, in the

mortgage foreclosure context, dismissals with prejudice do not bar subsequent actions based upon new defaults occurring after dismissal of the prior action. We affirm.

¶ 2. Borrower is the owner of real property located at 23 Railroad Street n/k/a 127 Railroad Street in Groton, Vermont. On March 18, 2005, borrower executed a promissory note to Option One Mortgage Corporation for $54,400.00, secured by a mortgage on the real property on Railroad Street. The note and mortgage are now held by lender pursuant to an endorsement in blank contained in an allonge to the note and an assignment of mortgage from American Home Mortgage Servicing, Inc. (AHMSI), successor-in-interest to Option One. In July 2010, following a payment default by borrower, borrower and AHMSI entered into a loan modification agreement under which the principal loan amount was increased to $77,270.65. When borrower continued to default on his payments, lender filed a complaint for judgment on the promissory note, mortgage foreclosure, and a deficiency judgment in October 2011.

¶ 3. We examine the complaint in some detail because, as we explain below, lender filed virtually the exact same complaint[1] three times and the nature of the complaint is central to the resolution of the main issue in this appeal. The complaint has three counts: (1) Count I for mortgage foreclosure; Count II for judgment on the promissory note of $54,400.00; and (3) a deficiency judgment if the amounts owing to lender "exceed the value of the mortgaged premises." Lender also listed a number of elements of the relief it sought, including foreclosure of the mortgaged property by sale or strict foreclosure and a "finding by the court of no substantial value in excess of the mortgage debt," and a deficiency judgment after "disposition of the mortgaged premises and application of the proceeds from that disposition to the debt of the borrower." With

---

[1] The first complaint did not allege the modification or the new amount of the principal, even though it occurred before the complaint was filed. The latter two did allege the modification and increased amount of principal to $77,270.65. However, each of the three contained the identical count on the note that stated that the principal amount was $54,400 and borrower defaulted on his obligations under the note.

respect to the note balance, lender sought a court order that "borrowers pay to the clerk of the court for the benefit of lender all amounts due and to become due on the note and mortgage, with interest thereon, together with sums expended, reasonable attorney's fees and costs."

¶ 4.    Borrower did not enter an appearance or file an answer.  Following borrower's default, lender filed two motions seeking extensions of time to obtain a judgment because the parties were involved in settlement discussions.  These were granted, but after the second extension expired, the superior court dismissed the action without prejudice on November 26, 2012.

¶ 5.    In March 2013, lender filed a second action in the Caledonia Superior Court against borrower, utilizing an identical complaint with the addition of an allegation of the modification and increased principal amount.  Borrower once again did not answer or appear.   In January 2014, some eight months after borrower defaulted, the superior court notified lender that borrower had not entered an appearance and directed lender to file a motion for default judgment within two weeks.  Lender failed to do so, and on March 31, 2014, the court dismissed the action without a specific statement indicating whether dismissal was with or without prejudice.

¶ 6.    Apparently, borrower made no further payments on the note.  In September 2014, lender filed the instant action, again using a complaint identical to the 2013 complaint.  The complaint was served on September 29, 2014.  This time, borrower filed a pro se appearance and answer on October 31, 2014; a lawyer employed by Vermont Legal Aid filed a limited appearance for borrower on the same date and moved to dismiss on the basis of claim preclusion.  Based on that motion, the superior court dismissed the action, but reopened when lender eventually responded in February, 2015.  After briefing, the court again granted the motion to dismiss, ruling that this third action was barred by the dismissal of the second action with prejudice.

¶ 7.    In its decision, the superior court concluded that under V.R.C.P. 41(b), an involuntary dismissal that does not specify whether it is with or without prejudice is assumed to be with prejudice.  The court saw no reason to depart from this established principle of Vermont

3

law in the case at bar; lender "willfully fail[ed] to heed the court's warning after having a prior case dismissed," despite being a "sophisticated user of the court system" with approximately seventy-five foreclosure cases currently pending in the state. The court noted that it was within lender's power to seek an enlargement of time in the dismissed case, file a Rule 60 motion concerning the dismissal, or appeal the previous dismissal. The court recognized that the result of lender's failure to perform any of the above actions was a "windfall" for borrower, but stressed that such an outcome was fair in light of lender's multiple squandered opportunities "to avail itself of the benefits of Vermont's judicial process" and the necessity of the finality of judgments to sound judicial administration. This appeal followed.

¶ 8.     On appeal, lender asks us to consider the following issues: 1) whether the superior court abused its discretion in considering an untimely motion to dismiss over lender's objection; 2) whether a dismissal for failure to apply for default judgment operates as adjudication "on the merits" which precludes a subsequent action based upon a new default; 3) whether the superior court misapplied our holding in U.S. Bank National Association v. Kimball, 2011 VT 81, 190 Vt. 210, 27 A.3d 1087; 4) whether, in the context of a foreclosure, a dismissal under V.R.C.P. 41(b)(3) constitutes a permanent bar to foreclose based upon a future default;  and 5) whether, to the extent that the prior dismissal was a sanction, the superior court abused its discretion or committed an error of law in precluding lender from enforcing the note and/or mortgage. We hold that in this case, where a mortgagee who has exercised the option to accelerate the amount due on a promissory note has an action dismissed under V.R.C.P. 41(b)(3), and lender does not allege a new default after the dismissal, that dismissal functions as an adjudication on the merits which precludes further litigation on the underlying note. Because borrower does not owe on the underlying note, the mortgage security cannot be foreclosed.

4

¶ 9. We review motions to dismiss de novo. Prive v. Vermont Asbestos Group, 2010 VT 2, ¶ 14, 187 Vt. 280, 992 A.2d 1035 (citation omitted). In rendering our decision, "we must assume as true all factual allegations pleaded by the nonmoving party." Id. ¶ 2 (quotation omitted).

¶ 10. We begin by addressing lender's claim that the case should be reinstated because borrower's answer and motion to dismiss were untimely. There are two grounds to reject lender's claim.

¶ 11. Under V.R.C.P. 12(a)(1)(A), borrower's answer was due 20 days after borrower was served. In fact, it was filed over 30 days after service.[2] It included the defense of res judicata based on the dismissal of the second action. Under V.R.C.P. 12(b), borrower's motion to dismiss was due at the same time as his answer. Such a motion was generally required to be made "before pleading" or with a "responsive pleading." Id. at 12(b).[3] The untimeliness of both is the basis for lender's appeal issue.

¶ 12. Irrespective of the timeliness of the answer and motion to dismiss, lender was required to answer a motion to dismiss within fifteen days or risk that the trial court would decide the motion without argument at any time thereafter. V.R.C.P. 78(b). Lender did not timely respond to the motion to dismiss, which the trial court granted on December 2nd. By that time, lender had waived any opportunity to contest the timeliness of the answer and motion to dismiss. This is the first ground to reject lender's claim that the motion to dismiss had to be denied as untimely.

---

[2] The record indicates borrower was an incarcerated prisoner in a Connecticut prison.

[3] The motion was essentially one for failure to state a claim on which relief could be granted. See V.R.C.P. 12(b)(6). Although borrower's counsel attached matters outside the pleadings, these were court orders of which the court could take judicial notice. See In re Russo, 2013 VT 35, ¶ 16 n.4, 193 Vt. 594, 72 A.3d 900. These did not convert the motion into one for summary judgment. See V.R.C.P. 12(b).

5

¶ 13.   On December 9, lender filed a motion to vacate the dismissal, but failed to assert at that time that the answer or motion to dismiss was untimely.  On February 4, 2015, the court vacated the dismissal and gave lender an opportunity to address the substance of the motion.  On February 24, lender claimed for the first time that the answer and motion to dismiss were untimely and should be rejected on that basis.  Borrower responded by explaining that the reason for the delay in filing the answer was due to his inability to communicate with his lawyer in a timely fashion because he was incarcerated in a Connecticut state prison.  Borrower's lawyer filed an affidavit confirming the reason for the late filing of the answer and motion, and requested an enlargement of time to file the answer.  The court ruled that it would consider the motion to dismiss although it was untimely.  We consider this ruling to be a grant of borrower's motion to extend the time for an answer.

¶ 14.   Under V.R.C.P. 6(b)(2), the superior court may grant a motion to enlarge the time to answer, even after the expiration of the time limit for answer, on a finding of excusable neglect. V.R.C.P. 6(b)(2).  Here, the court acted within its discretion in finding excusable neglect because the cause of the delay was circumstances beyond the immediate control of borrower, rather than neglect by the borrower or his lawyer; the delay was relatively short; and there was no prejudice to lender.  See Ji v. Heide, 2013 VT 81, ¶ 14, 194 Vt. 546, 82 A.3d 1160.  Even if the motion for extension could not be granted, the next step would be the entry of a default judgment pursuant to V.R.C.P. 55(a).  At that point, borrower could move to set aside the default for "good cause shown."  Id. 55(c).  Given the absence of any demonstrated prejudice to lender from the delay, and our liberal standard favoring adjudication on the merits and not by default, see Dougherty v. Surgen, 147 Vt. 365, 366, 518 A.2d 364, 365 (1986), the court would act well within its discretion in setting aside the default judgment.  This is the second reason for rejecting lender's argument that the motion to dismiss should have been rejected as untimely.

¶ 15. We add an additional point from the history of the proceeding. Lender responded to the motion to dismiss solely with a legal argument. It did not argue that the motion could not be decided because the record was inadequate or provide relevant evidence to turn the motion to dismiss into one for summary judgment pursuant to V.R.C.P. 12(b). Lender did file the April 2014 notice of default in this Court as part of its printed case, although it did not file the notice in the superior court. Unsurprisingly, borrower moved to strike the default letter as outside the record below. We agree that because the letter was not presented below, it is not properly before us and should be struck from the record on appeal. Consequently, without any evidence of a fourth default, we decline to address lender's argument that a new foreclosure action could be based on a new default.

¶ 16. Lender's second argument is that because the trial court did not actually adjudicate the foreclosure claim in its dismissal of the 2013 action, claim preclusion cannot be applied to bar the instant case. Lender argues that under Pennconn Enterprises v. Huntington, 148 Vt. 603, 609-610, 538 A.2d 673, 678 (1987), a Rule 41(b)(3) dismissal operates to resolve "only the merits of what was actually adjudged." To that end, lender contends that because the superior court did not adjudge the enforceability of the note and mortgage in the 2013 action, but dismissed based entirely on lender's failure to file a motion for default judgment, the court below in this case committed an error of law in holding that lender's foreclosure action was barred. We disagree and affirm on this issue.

¶ 17. Under Rule 41(b)(1)(ii), a court may, by its own motion, dismiss any action where "all parties against whom a judgment for affirmative relief is sought have failed to plead or otherwise defend as provided by these rules and the lender has failed to request or apply for a default judgment within six months of the filing of the action." Rule 41(b)(3) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for

7

improper venue, or for failure to join a party under Rule 19, operates as an <u>adjudication on the merits</u>." (emphasis added). When interpreting a statute or rule, our overriding goal is to effectuate the drafter's intent; "[i]n reaching this goal, we first look at the [rule's] plain language." <u>Dep't of Taxes v. Murphy</u>, 2005 VT 84, ¶ 5, 178 Vt. 269, 883 A.2d 779. If the language can resolve a dispute without betraying a larger legislative scheme, "we are bound to follow it," <u>id</u>. (quotation omitted), and indeed, there is "no need to go further." <u>Nichols v. Hofmann</u>, 2010 VT 36, ¶ 7, 188 Vt. 1, 988 A.2d 1040 (quotation omitted).

¶ 18. The plain language of Rule 41(b) is therefore exceedingly clear—by its express terms, unless a trial court specifically says otherwise in its order, a dismissal predicated on a lender's failure to seek a default judgment operates as an adjudication on the merits. There is nothing in the broader context of Rule 41 to indicate the drafters intended otherwise. Although lender views this result as imposing a sanction that is unnecessarily harsh for the nature of lender's default, we note our rule is consistent with that in the federal courts, as well as many states. Rule 41(b)(3) is essentially identical to F.R.C.P. 41(b). See <u>Cintron-Lorenzo v. Departmento de Asuntos del Consumidor</u>, 312 F.3d 522, 525-26 (1st Cir. 2002); <u>Davis v. Operation Amigo, Inc.</u>, 378 F.2d 101, 103 (10th Cir. 1967) (noting that there is "no dispute" that case may be dismissed "with prejudice" for want of prosecution). State courts have adopted the same policy. <u>Samber v. Chris Berg, Inc.</u>, 394 P.2d 81, 81 (Alaska 1964) (holding dismissal for failure to prosecute "operates as an adjudication upon the merits, unless specified otherwise in the order of dismissal"); <u>Battle v. Jackson</u>, 476 A.2d 1143, 1145 (D.C. 1984) (concluding a dismissal for failure to prosecute is "committed to the sound discretion of the trial court" and functions as "an adjudication on the merits"); <u>Taylor v. General Motors Corp.</u>, 717 So. 2d 747, 748 (Miss. 1998) (stating involuntary dismissal under Rule 41(b) "ordinarily operates as an adjudication upon the merits and is with prejudice") (citation omitted); <u>Eischen v. Wayne Twp.</u>, 2008 S.D. 2, ¶ 12, 744 N.W.2d 788 (finding dismissal for failure to prosecute "operates as dismissal with prejudice as an adjudication

8

on the merits unless the circuit court expressly states otherwise"); <u>Wagner v. McDonald</u>, 516 P.2d 1051, 1053-54 (Wash. App. 1973) (noting that it is logical that a dismissal for failure to prosecute "should, unless the court otherwise specifies, bar a subsequent action"); <u>Caruso v. Pearce</u>, 678 S.E.2d 50, 54 (W.Va. 2009) ("It is well settled that a dismissal by a circuit court under Rule 41(b) for failure to prosecute operates as an adjudication on the merits and, unless reinstated by subsequent court order, such a dismissal is with prejudice" (quotation omitted)).

¶ 19.    Lender's reliance on the narrow holding of <u>Pennconn Enterprises</u> is unavailing.  In <u>Pennconn Enterprises</u>, the lender was unable to proceed on a breach of contract claim under 11 V.S.A. § 2101(a) because he did not have a certificate of authority to transact business in Vermont at the time of contract formation. He argued that because the underlying contract remained valid, the suit should not have been dismissed with prejudice.  <u>Pennconn Enters</u>, 148 Vt. at 609, 538 A.2d at 677.  We agreed that adjudication should be seen as having resolved only the merits of what was actually adjudged: the availability of a remedy "within this state".  <u>Id</u>.  We went on to specify that the lender's judgment would not be on the merits for the purposes of res judicata "<u>in a case such as this</u>"— that is, where the lender retained the option to bring an action in another state or federal court that could find jurisdiction over the borrower.  <u>Id</u>. at 609, 538 A.2d at 678 (emphasis added). The instant suit is not a case like <u>Pennconn Enterprises</u>; here, the lender's claim cannot be reinstated because of its own negligence, rather than because of any state- or claim-specific statute.  <u>Id</u>.  If <u>Pennconn Enterprises</u> has any application here, it is to permit lender to seek redress in the courts of another state or the federal system, not to revive a lost remedy in Vermont. Such an application is of no use in the instant appeal.

¶ 20.    Lender's third argument relies on our decision in <u>U.S. Bank National Ass'n v. Kimball</u>, 2011 VT 81, 190 Vt. 210, 27 A.3d 1087 for the proposition that anything other than an adjudication on the underlying indebtedness "cannot cancel [a homeowner's] obligation arising from an authenticated note, or insulate her from foreclosure proceedings based on proven

9

delinquency." Id. at ¶ 23. While this is a quote from Kimball, it is not applicable here. The controversy in Kimball arose over whether the bank seeking to collect on the mortgage had standing for jurisdictional purposes. The court's dismissal on jurisdictional grounds is not an adjudication upon the merits. Kimball, 2011 VT 81, ¶ 22; see also V.R.C.P. 41(b)(3) (an involuntary dismissal, other than one for lack of jurisdiction, operates as an adjudication upon the merits). The dismissal here was not based on lack of jurisdiction.

¶ 21. Lender's next argument is that a Rule 41(b)(3) dismissal does not preclude a subsequent foreclosure action based upon a new default. This argument goes to the merits of this case and addresses what claim preclusion means in a note collection and mortgage foreclosure case.

¶ 22. The main difficulty with this argument is that it is raised for the first time on appeal to this Court. In response to borrower's motion to dismiss in the superior court, lender filed a memorandum based primarily on the arguments we have disposed of above. At the very end of the memorandum, lender added "[a]t the very least, if the court does not allow lender's current complaint as it contains the same date of default as the last complaint, the lender should surely be able to pursue a new foreclosure action for later defaults." Thereafter, in the conclusion to the memo, the lender added "should the court grant the borrower's motion to dismiss, lender asks that the court issue specific findings of facts that the lender is not barred from pursuing a subsequent foreclosure action for a later default." In summary, lender argued not that there was a new default but instead that there could be a default later than that for which the 2014 complaint was filed, and that in such a case lender should be allowed to file a new (fourth) foreclosure complaint. Not surprisingly, because this was a request for an advisory opinion about future conduct, the superior court did not address it.

¶ 23. Lender has not appealed the failure of the superior court to authorize the filing of a fourth mortgage foreclosure complaint. Instead, lender has significantly changed its objection to

10

the dismissal, and done so based on a document not properly before the trial court. Alleging that it sent a new notice of default on April 5, 2014 setting forth the amount due on that day "which included payment defaults that occurred after . . . [the] dismissal [of the 2013 complaint]," lender attached this notice to its printed case. This triggered a motion by borrower to strike the part of the printed case containing the notice because it was not in the record below. See V.R.A.P. 10(a); State v. Brown, 165 Vt. 79, 82, 676 A.2d 350, 352 (1996) (stating that documents which were not part of the file in the trial court cannot be considered part of the record on appeal). We conclude that lender failed to present its theory of a new default, and the supporting document, in the trial court and therefore has not preserved it for appellate review. See Ainsworth v. Chandler, 2014 VT 107, ¶ 16, 197 Vt. 541, 107 A.3d 905. We grant the motion to strike. We cannot, therefore, rely on the new default theory.

¶ 24. Finally, we address lender's contention that the superior court abused its discretion or committed an error of law in precluding lender from enforcing the note by holding that the dismissal of the second action was with prejudice. In its brief to this Court, lender notes that our case law favors disposition of cases on their merits and that the sanction of dismissal should be exercised sparingly, reserved for circumstances where, unlike in the present case, lender has engaged in "opprobrious or offensive conduct." Lender argues that "to the extent that the superior court dismissed the instant case on equitable grounds, the court "plainly" abused its discretion. Lender also warns that barring subsequent foreclosure actions in cases like those at bar would result in a "significant and unjustified windfall for mortgagors."

¶ 25. We reiterate our holding above that lender was not subjected to a special penalty or sanction; the decision that dismissal was with prejudice is explicitly part of Rule 41, and lender was on notice of it. Even if equitable considerations played some part in the superior court's decision, the principles of claim preclusion compelled a grant of borrower's motion to dismiss. Lender's argument that the "sole reason" for the dismissal of the 2013 action was the "relatively

11

benign" failure to file a motion for default judgment is unavailing. As the Maine Supreme Court noted, the consequence of a procedural default is usually a windfall to the other side. Johnson v. Samson Const. Corp., 1997 ME 220, 704 A.2d 866, 869 n.1 (Me. 1997). While borrower in this instance is enriched, and has kept a benefit he would otherwise be bound to relinquish, we cannot override settled procedural rules, essential to the swift and efficient administration of justice, in order to force a contrary result. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 21, 188 Vt. 262, 6 A.3d 713 ("[P]rocedural rules are devices to ensure fairness, uniformity and regularity of treatment to all litigants appearing before the courts, and to be meaningful, they must be enforced" (citation omitted)); Bloomer v. Gibson, 2006 VT 104, ¶ 14, 180 Vt. 397, 912 A.2d 424 ("The court does not abuse its discretion where it enforces the rules of civil procedure equitably, even against a pro se litigant." (emphasis added)).

¶ 26.    As the trial court determined, at the time of the order on appeal, lender had seventy five pending cases in the Vermont courts; as a repeat player, it must be familiar with our procedural rules and its obligations under them. Yet, it has acted in this case and the earlier ones as if it is oblivious to those rules. Lender had numerous opportunities to avoid the "windfall" created by the dismissal with prejudice, either by moving for default judgment, appealing the dismissal or moving to reopen the dismissal. It would have been in a stronger position if the third complaint, the one in this case, reflected the earlier dismissal and the requested consequences of that dismissal; instead its filing of the virtually identical complaint in each action transmits a message that it expected no consequences from its default. The trial court acted well within the law, and we must uphold its decision.

Affirmed.

12

FOR THE COURT:

_____
Associate Justice