Filed 02/14/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-04608

| The Rutland Hospital, Inc dba Rutland Regional Med. Ctr. v. Green Mountain Care Board |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Consolidate Common Issues (Motion: 1)
Filer:        Ryan P. Kane
Filed Date:   January 14, 2025

This is an appeal brought by The Rutland Hospital, Inc. d/b/a Rutland Regional Medical Center ("the Hospital") from a decision of the Green Mountain Care Board pursuant to 18 V.S.A. § 9456(h)(2)(B)(iii) and V.R.C.P. 74. The Board has moved pursuant to V.R.C.P. 42(a) to consolidate this case with a case pending in the Washington Civil Division—*University of Vermont Medical Center, Inc. v. Green Mountain Care Board,* Docket No. 24-CV-04514--and to have this case designated as a complex action pursuant to V.R.C.P. 16.1. The Hospital objects to both requests. For the reasons stated below, the motion is denied.

*The Board's Motion to Consolidate*

Motions to consolidate are governed by Rule 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may, with consent of the parties, order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

V.R.C.P. 42(a). The Board argues that Rule 42(a) allows the court to consolidate this appeal with the appeal in the Washington Civil Division. The Hospital argues Rule 42(a), by its terms, does not allow consolidation of two separate cases pending before two separate Units of the Civil Division of the Superior Court. The Hospital further argues that Rule 42(a) does not apply to Rule 74 appeals. "When interpreting a statute or rule, our overriding goal is to effectuate the drafter's intent; in reaching this goal, we first look at the [rule's] plain language. If the language can resolve a dispute without betraying a larger legislative scheme, we are bound to follow it, and indeed, there is no need to go further." *Deutsche Bank v. Pinette,* 2016 VT 71, ¶ 17, 202 Vt. 328 (citations and quotations omitted). The plain language of Rule 42(a) only allows consolidation of two separate actions with the consent of all parties. Reporter's Notes, V.R.C.P. 42 ("full consolidation might be had only with the consent of the parties"). The Rule does, however, allow the court to order a joint hearing for

"actions involving a common question of law or fact [that] are pending before the court" without the consent of the parties. V.R.C.P. 42(a). The question for the court is whether an action in the Washington Civil Division can be considered pending before <u>this</u> court.

The Vermont Superior Court is part of a unified judicial system whose jurisdiction is shaped by the Legislature. *In re Mountain Top Inn & Resort,* 2020 VT 57, ¶ 24, 212 Vt. 554 (quoting *State v. Saari,* 152 Vt. 510, 518 (1989)). The Superior Court has statewide jurisdiction and contains the following divisions: a Civil Division, a Criminal Division, a Family Division, an Environmental Division, and a Probate Division. 4 V.S.A. § 30(a)(1). The Superior Court is divided into 14 geographical Units that follow county lines. 4 V.S.A. § 30(b). The venue for actions in the Civil Division "shall be as provided by law." 4 V.S.A. § 37(a). "An action before a Superior Court shall be brought in the unit in which one of the parties resides, if either resides in the State; otherwise, on motion, the complaint shall be dismissed." 12 V.S.A. § 402(a). This appeal was brought pursuant to 18 V.S.A. § 9456(h)(2)(B)(iii), which only states "Hospitals may appeal any decision in this subsection to Superior Court." Thus, the Hospital brought this appeal in the Rutland Civil Division as that is where it resides.

This system established by the Legislature makes clear that the Washington Civil Division and the Rutland Civil Division are separate courts. Litigants are required to bring their actions in the unit in which at least one of the parties resides. This separates the courts into individual courts in distinct Units. Given this conclusion, Rule 42(a) does not authorize the court to join this action with an action in the Washington Civil Division. The matter of *University of Vermont Medical Center, Inc. v. Green Mountain Care Board* is not "pending before the court" for the purposes of Rule 42(a), and thus, the court is without authority to grant the Board's request.

This conclusion is further supported by the fact that in 2010, the Legislature specifically authorized the Supreme Court to promulgate rules regarding venue, in accord with specified policies. *See* 2009, No. 54 (Adj. Sess.), § 9; 4 V.S.A. § 4(b). Although the Supreme Court has not established rules regarding venue for the Civil Division of the Superior Court, the fact that such rules are contemplated indicates that Rule 42(a)—which was promulgated well prior to 2010—is not and was not intended to act as a mechanism to change the venue in which a civil action will be heard and decided.[1]

The statute that authorizes a change of venue for civil actions further supports the conclusion that this court and the Washington Civil Division are separate courts and the conclusion that Rule 42 does not authorize a transfer of venue. The change in venue statute is entitled "Removal to another unit" and states:

> When it appears to a presiding judge of a Superior Court that there is reason to believe that a civil action pending in such court cannot be impartially tried in the

---

[1] Further, our Legislature has not enacted a statute specifying, for example, that hospital appeals from Board actions must be taken in a particular Unit of the Civil Division, such as the Washington Unit, for example. *Cf.* 3 V.S.A. § 807 ("The validity or applicability of a[n agency's] rule may be determined in an action for declaratory judgment in the Washington Superior Court . . . ."). To the contrary, the applicable statutes together provide that hospital appeals shall be taken in the unit of the Superior Court in which one of the parties resides.

unit where it is pending, on petition of either party, such judge shall order the cause removed to the Superior Court in another unit for trial.

12 V.S.A. § 404(a). This statute identifies the standard needed to transfer venues between units. The fact that a case can only be removed from one unit to another because of impartiality makes clear the courts are separate. Section 404(a) and Rule 42(a) are part of the same common scheme, and should therefore be construed in context, and in a manner that harmonizes their meaning, if possible. *See In re Atwood Planned Unit Dev.*, 2017 VT 16, ¶ 11, 204 Vt. 301 ("When the rule is part of a larger scheme, we read the scheme's operative sections in context and the entire scheme in pari materia." (omitting alterations and quotation marks)). Reading these together, a transfer of venue is only authorized under Section 404(a). Rule 42(a) does not provide separate authority to authorize a transfer.

The conclusion that Rule 42(a) does not allow for consolidation or joint resolution under the circumstances presented here is also supported by federal cases construing Federal Rule of Civil Procedure 42. Both parties readily agree that Vermont Rule 42 is substantially similar to the federal rule, and that it is appropriate to look to federal cases for guidance. The federal cases consistently hold that Federal Rule 42 does not authorize a federal district court to consolidate an action pending before it with an action pending before another federal district court (or before a state court or administrative body), even where there are common issues of fact and law between the various actions. *See* 9A A. Miller, *Federal Practice & Procedure Civil* § 2382 (3d. ed., June 2024 update), at nn. 1 & 24 and related text. While the federal system of judicial districts is not identical to Vermont's system of separate, geographically-defined Units of the Superior Court, it bears emphasis that our Rule 42(a) was promulgated with the clear understanding that it was "substantially similar to Federal Rule 42." Reporter's Notes, V.R.C.P. 42. Further, our Rule 42(a) has not been amended since its promulgation, not even when the Superior Court was substantially reorganized by the Legislature in 2010. Additionally, as noted above, since the 2010 legislation, the Vermont Supreme Court has not exercised its authority to promulgate new rules regarding venue. Such history and federal caselaw, taken together, support the conclusion that "the court," as used in Vermont Rule 42(a), means a particular Unit of the Civil Division of the Superior Court.

*The Board's Motion to Designate This Action as Complex*

The Board has also moved the court to designate this action as complex pursuant to V.R.C.P. 16.1. Rule 16.1 allows the court, with the consent of the Chief Superior Court Judge, to designate the action as complex if the court finds:

1.  That the factual or legal issues are unusually complicated; or
2.  That there is an unusual multiplicity of parties; or
3.  That there is an unusual multiplicity of cross-claims, counterclaims, or third-party claims; or
4.  That the just and efficient administration of the action will be promoted by such designation for other reasons, which other reasons shall be set forth in the order designating the action a complex action.

V.R.C.P. 16.1(a). Appellee argues "the just and efficient administration of these actions is promoted by joint resolution of the common factual and legal questions and therefore Rule 16.1(a)(4) permits

these two actions to be designed as complex and specially assigned to a single Superior Court Judge." Board's Mot., at 6. Subsection (4) discusses "the just and efficient administration of **the** action." (emphasis added). Subsection (4) does not contemplate designating an action as complex for the efficient administration of multiple actions. Designating this action as complex would not make the administration of this action just or mor efficient as it would simply delay the matter. This is an appeal where the court will be deciding the matter based upon the appeal record. V.R.C.P. 74(d). There is no discovery, nor will there be a trial. A briefing schedule has already been established. Furthermore, the ultimate relief sought by the Board, consolidation, would not be available even if the court designated this action as complex. Rule 16.1(c) only authorizes the court to consolidate actions pursuant to Rule 42. As the court has already found, Rule 42 does not authorize this action to be consolidated with the *UVM Medical Center* case. The Board's motion must therefore be denied.

Conclusion

For the foregoing reasons, the Board's motion is DENIED.

Electronically signed on February 14, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge